## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOHN DOE**                                                                                           **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.: 3:18CV63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI;
STATE INSTITUTIONS OF HIGHER
LEARNING ("IHL"); TRACY MURRY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; HONEY USSERY,
INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY; STATE OF
MISSISSIPPI; and DOES 1 - 5**                                                **DEFENDANTS**

## PLAINTIFF'S MOTION FOR
## PRELIMINARY INJUNCTION

COMES NOW, the Plaintiff John Doe, by and through undersigned counsel, and files this, his Motion for a Preliminary Injunction as against Defendants, the University of Mississippi, State Institutions of Higher Learning, Tracy Murry, individually, and in his official capacity, and Honey Ussery, individually, and in her official capacity, and John Does 1 – 5.  In support of this Motion for a Preliminary Injunction, the Plaintiff submits the following:

1. On January 26, 2018, Plaintiff John Doe filed his Complaint in this matter against Defendants, University of Mississippi, State Institutions of Higher Learning, Tracy Murry, individually, and in his official capacity, and Honey Ussery, individually, and in her official capacity, and Does 1 – 5.  *See* Exhibit "A".  The Plaintiff's Complaint seeks injunctive and declaratory relief as well as monetary damages from the Defendants from gender-based discrimination and violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681,

et. seq., violations of the due process clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 and a state law breach of contract.

2. The Plaintiff is a student who seeks to redress for his improper expulsion from the University of Mississippi on November 17, 2017. The Plaintiff's expulsion was the result of a false allegation of sexual misconduct having been made against him and the biased and unconstitutional actions of the Defendants, both individually and collectively. The Defendants engaged in an unfair and gender biased investigation which violated his constitutional rights, was contrary to certain aspects of the University's written policy and procedures, and which failed to consider exculpatory evidence. The denial of the Plaintiff's basic due process rights by the Defendants, as well as the gender bias that existed through the investigation, resulted in an erroneous outcome and Plaintiff's expulsion from the University. Throughout the course of the investigation and the associated appeal process, the University, Defendant Murry and Defendant Ussery failed to apply the same standards to the Plaintiff as they did to his female accuser and failed to take steps to protect the Plaintiff.

3. The Plaintiff has already been subjected to harm by the University, as he was not allowed to take classes for credit during the Fall 2017 term, pending the investigation and appeal of the false allegations asserted against him, and was unable to enroll in the Spring 2018 term.

4. The Plaintiff seeks a preliminary injunction enjoining the Defendants from violating John Doe's constitutional rights and rights established under Title IX, enjoining them from continuing the discriminatory and unlawful disciplinary action (including the finding of "Responsible" and the imposition of the sanction of expulsion) that was issued against him, requiring the University immediately to restore the Plaintiff as a student in good standing at the University, allowing the Plaintiff to enroll and attend courses with the University of Mississippi at

the beginning of next term, allowing Plaintiff to have unrestricted on-campus access to his classes and non-residential University buildings, and prohibiting further disciplinary proceedings and retaliatory conduct against the Plaintiff pending resolution of this matter.

5. Federal Rule of Civil Procedure 65 governs preliminary injunctions. In order for the Court to grant a preliminary injunction in a Title IX, 42 U.S.C. § 1983 or contract claim, such as the Plaintiff is requesting in this matter, a party must demonstrate the following:

> (1) A substantial likelihood that [he] will prevail on the merits, (2) a substantial threat that [he] will suffer irreparable injury if the injunction is not granted, (3) [his] substantial injury outweighs the threat and harm to the party whom [he] seek[s] to enjoin, and for granting the preliminary injunction will not disserve the public interest."

*See Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012); *Canal Auth. of the State of Florida v. Calloway*, 489 F.2d 567, 573 (5th Cir. 1974).

The decision to either grant or withheld equitable relief "rests in the sound discretion of the court." *Petrol. Expl., Inc. v. Publ. Serv. Comm'n of Ky.*, 304 U.S. 209, at 218, 58 S.Ct. 834, 82 L.Ed. 1294 (1938).

6. Based upon the showing set forth in the Plaintiff's Complaint and exhibits filed with this Motion, the Plaintiff has established that there is a substantial likelihood that he will success on the merits of his claim. Furthermore, there exists a substantial threat that a failure to grant a preliminary injunction will result in further irreparable injury to him. The Spring 2018 term at the University of Mississippi began on January 22, 2018 and is ongoing such that an immediate return of the Plaintiff to good standing and the ability to enroll in classes this summer is required to preclude further irreparable injury. The only way to ensure that the ongoing, immediate and irreparable harm to the Plaintiff does not continue, is the issuance of a preliminary injunction.

7. As substantiated by the exhibits attached and filed with this Motion, as well as the supporting Memorandum of Law, a balancing of the equities weighs in favor of the Plaintiff and support the issuance of the preliminary injunction.

8. Considering the immediacy of the Defendants' intentions and the irreparable harm which would occur if the Plaintiff is not permitted to register and attend classes in Summer 2018, the Plaintiff requests that a preliminary injunction be granted immediately and without the requirement of an evidentiary hearing, pursuant to Fed. R. Civ. P. 65 (a).

9. Undersigned counsel will serve a copy of this motion, along with the redacted copies of the supporting exhibits and memorandum brief, upon each defendant, simultaneously with service of the Complaint and Summons. Unredacted copies will be provided to the parties should the Court grant Plaintiff's motion to seal. Proof of service will be filed with the Court.

10. Because the preliminary injunction seeks to preclude the wrongful and improper actions and exclusions by the Defendants and does not seek to preclude the Defendants from engaging in distinct separate lawful business endeavors which are not tortious or otherwise beyond the scope of the Plainitff's Complaint, the Plaintiff requests that he not be required to post a bond or security.

11. For the reasons set forth above and as more fully articulated in the accompanying Memorandum of Authorities, the Plaintiff respectfully requests the Court GRANT his Motion for a Preliminary Injunction. In further support of his motion, the Plaintiff respectfully submits to the Court the following exhibits for consideration:

    A. Complaint

    B. Affidavit of the Plaintiff

    C. Affidavit of female student (Identity contained on Affidavit)

D. Affidavit of adult community member (Identity contained on Affidavit)

E. October 11, 2017 Decision Letter

F. October 10, 2017 Progress Report

G. Ussery email excluding evidence

H. Report and CV of Dr. Kris Sperry

I. Polygraph and Resume of Patrick E. Coffey

J. December 5, 2017 Denial of Appeal

K. 2011 Dear Colleague Letter

L. Secretary of Education Prepared Remarks September 7, 2017

M. September 22, 2017, Department of Education Statement

N. 2017 Department of Education Q & A

O. October 10, 2017, Statement from the University of Mississippi

P. Training Slides

Q. The University of Mississippi's Sexual Misconduct Policy

R. The University of Mississippi's Sexual Assault Response Adjudication Process Policy

S. The University of Mississippi's Sexual Assault Accused Resources Policy

T. The University of Mississippi's Disciplinary Sanctions Policy

Respectfully submitted this the 9th day of March, 2018.

**JOHN DOE, PLAINTIFF**

By: ___s/*J. Lawson Hester*_____
       J. Lawson Hester

OF COUNSEL:

J. Lawson Hester (MS Bar No. 2394)
lhester@pbhfirm.com
Michelle T. High (MSB #100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

## **CERTIFICATE OF SERVICE**

I, J. Lawson Hester, hereby certify that I have this day filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Mississippi, via the Court's ECF/ PACER system, simultaneously with a Motion to Seal and supporting Memorandum of Law.

In addition, a true and correct copy of the foregoing is being provided to the following parties simultaneously with service of the complaint and summons:

Jim Hood, Attorney General
OFFICE OF THE ATTORNEY GENERAL
Walter Sillers Building
550 High Street, Suite 1200
Jackson, MS 39201
**COUNSEL FOR THE STATE OF MISSISSIPPI, STATE INSTITUTIONS OF HIGHER LEARNING, and THE UNIVERSITY OF MISSISSIPPI**

Tracy E Murry
2000 Lexington Pt, Apt 12A
Oxford, MS  38655

Honey Ussery
415 Timber Lane
Oxford, MS  38655

SO CERTIFIED, this the 9th day of March, 2018.

                                                  _*s/J. Lawson Hester*_____
                                                  J. Lawson Hester