EXHIBIT P



The University of Mississippi

**Advanced training**

# Sexual Misconduct, Relationship Violence, And Stalking



# Ole Miss prohibits.....

## Sexual misconduct in any form

○ Frequently about **power and control,** not sex

*Use of alcohol or drugs does NOT alleviate responsibility or diminish the serious nature of the offense*

# Sexual Misconduct

- Penetration
- Touching
- Exploitation
  - Non-consensual sharing of photos or videos, even if originally taken with consent
  - Non-consensual taking of photos, videos, audio of consensual activity
  - Voyeurism
  - Indecent exposure or disrobing

# Sexual Misconduct

- Sexual harassment



# Use of drugs to incapacitate

- Sexual activity or attempted sexual activity with someone whose incapacity results from the taking of a drug or alcohol. Possession, use, and/or distribution of any "date–rape" drug illicit substances are prohibited, and use or attempted use of any drugs or substances, including alcohol, to someone else for the purpose of inducing incapacity is a violation of this policy.

- A student may be charged with a violation of this policy even if no sexual activity took place.

# Drug Facilitated Sexual Assault

▲ Generally, the drug used is alcohol

▲ Beyond "roofies"
  ○ Ambien
  ○ Xanax
  ○ Vyvanse
  ○ Over the counter medications

# Amnesty

▲ All participants in sexual misconduct hearings have amnesty from **personal voluntary use of alcohol and drugs**

  ○ Able to speak freely about their own voluntary use when talking to Title IX and engaging in hearing process

# Retaliation

▲ **Any adverse action (including intimidation) taken against an individual who has participated in any manner in an investigation, proceeding, or hearing under the sexual misconduct policy**

  ○ Independent action may be taken against anyone engaging in retaliation including individuals who are acting on behalf of the respondent or complainant, with or without the knowledge of the respondent. Retaliation may occur in person or electronically.



# Effective Consent

▸ An affirmative agreement—through clear actions or words—to engage in intimate activity

  ○ Not sure, you don't have it

▴ The person giving the consent must act freely, voluntarily, and with an understanding of his or her actions when giving the consent.

# Effective Consent Is:

- Lack of protest or resistance does not constitute consent, nor does silence mean consent has been given. Relying solely on non-verbal communication can lead to misunderstanding. Persons who want to engage in sexual activity are responsible for obtaining consent – it should never be assumed.

# Effective Consent Is:

▲ Consent must be present throughout the sexual activity – at any time, a participant can communicate that he or she no longer consents to continuing the activity. If there is confusion as to whether anyone has consented or continues to consent to sexual activity, it is essential that the participants stop the activity until the confusion can be clearly resolved.

# Effective Consent Is NOT:

- Effective consent cannot result from force, or threat of force, coercion, fraud or intimidation. In addition, an incapacitated person is not able to give consent. The use of force to obtain sexual access or to induce consent violates this policy whether the force is physical in nature, violent, or involves threats, intimidation or coercion.

- Physical force includes but is not limited to: hitting, kicking, and restraining. Physical force means someone is physically exerting control of another person through violence.

- Threatening someone to obtain consent for a sexual act is a violation of this policy. Threats exist where a reasonable person would have been compelled by the words or actions of another to give permission to sexual activity to which he or she otherwise would not have consented.

- Intimidation is an implied threat. Intimidation exists when a reasonable person would feel threatened or coerced even though there may not be any threat made explicitly. Intimidation is evaluated based on the intensity, frequency, or duration of the comments or actions.

- Incapacitation: It is a violation of this policy if the initiator has sex with someone the initiator knows, or reasonably should know, to be incapacitated by alcohol, drugs, sleep or illness. A person who is unconscious, unaware, or otherwise physically helpless cannot give effective consent to sexual activity. **Someone is incapacitated when he or she cannot understand who, what, when, where, why, or how, with respect to the sexual interaction.**

- Age of Consent: According to Mississippi Code §97-3-65, effective consent can never be given by persons under the age of 14. Students who are at least 17 years old cannot receive effective consent from anyone between the ages of 14 and 16, if they are younger by more than 36 months.

# Incapacity

- Must be able to know the other person knows who what when where why
- Judging that someone is blacked out
  - No long term memory
- Both parties may be intoxicated: determine for complainant if able to consent
- Statements made while incapacitated are not the same as sober statements
- Level changes over the course of a day or night

# Signs of incapacitation

- Vomiting
- Inability to walk or stand on one's own
- Urinating or defecating on one's body
- Cold and clammy to the touch
- Slurred speech
- Emotional volatility

- Changes based on many factors, and no one factor is dispositive



# Ole Miss prohibits.....

Relationship violence, including any physical, sexual, or psychologically abusive behaviors used in an intimate relationship

*Use of alcohol or drugs does NOT alleviate responsibility or diminish the serious nature of the offense*

# Relationship violence

- A pattern of behavior
- Any intimate partners
  - LGBTQ inclusive
- Alcohol does not cause violence, and if under the influence, still responsible for actions
- If complainant does not participate, do not let that unduly influence you



# Ole Miss prohibits....

Stalking and cyberstalking…a **course of conduct** directed toward a specific person that would cause a **reasonable person to feel fear.**

# Reasonable person standard

- Texting all the time
- Tracking person on Facebook
- Showing up with a surprise after class
- Calling several times a day
- Giving presents
- Walking to meet at sorority/fraternity house before class/after class/before dinner/after dinner

- Put yourself in THEIR shoes, not your own (Would a reasonable person in their shoes feel fear or suffer substantial emotional distress?  This is an objective test)

# Working with survivors of violence

- ▲ There is no one way students respond to violence
- ▲ Abandon your stereotypes
- ▲ Understanding the experience of trauma
  - ○ Number one issue leading to PTSD diagnosis – twice that of combat veterans
  - ○ Hearing process itself is difficult for survivors to experience

# Different Responses

- Don't forcefully resist or cry out during the assaults, many do resist and cry out.
- Don't immediately report, and often delay for days, weeks or months, while others call the police immediately
- Don't want their perpetrator to face consequences, while others only want expulsion
- Don't discuss assault facts or report in an emotional, traumatized way, while others are extremely emotional
- Do sometimes initiate or respond to post–attack communication from their attacker, sometimes avoid all communication
- Do sometimes withhold facts or lie regarding peripheral details like alcohol and drug use

# Why do we see these differences?

- The need to re-establish safety and control
- The desire (sometimes) to increase their credibility by leaving out or lying about anything that might cast doubt on their account of events
- The fact that some victims do not process the event immediately for what it is, and often question whether they've been victimized at all
- The effect of trauma on memory formation and recall
  - Minimum 72 hours after event for interviewing
- Self blame and self doubt in the wake of the assault

# Understanding the impact

- Activity
- Get in small groups
- Follow through the student's experience
- Share with the group your thoughts on what happened in your activity
  - Did anything surprise you?

# Respondent Impact

# Confidentiality

- On this board, you hold much sensitive information

- How would you feel if you were in the victim's position?

- Who could be harmed by learning what you learn in this process?

- How will other students feel about utilizing the conduct process in the future?

- How does it reflect on the university?

# These cases are different for you

▲ Federal law
  ◦ All about EQUITY
▲ Nature of these incidents
▲ Desire to protect students when they are most often subject to these crimes and are at the highest risk
▲ Limited access to criminal justice system for these crimes
▲ Victim amnesty for drug and alcohol use

# Title IX's Role

- Thorough investigation
- If student wants to, goes to you as a judicial board
- Title IX will provide a thorough investigative report, including witnesses and inconsistent statements

# The Hearing

- ▲ Students allowed to have advisor present, but only the students and witnesses can speak.
- ▲ 3 person hearing board
  - ○ Students given opportunity to screen
- ▲ Chair asks questions and screens all questions for relevance

# The Hearing

- Students may have accommodations for hearing itself:
  - Partition up so students can only hear but not see
  - Participation via skype or via phone
- Complainants not mandated to attend

# Advisors

- Do not let advisors influence your judgments. Who students bring as advisors is influenced by many different factors
  - Hiring lawyers
  - Even Lindsey's role
- If you ever feel one is being disruptive, remember they can be asked to leave

# Evidence

- Remember your standard: just need to have some evidence to justify outcome – only if evidence overwhelming in the other direction do you consider appeal

- Title IX, UPD & OPD investigate first. You should always have a Title IX report available to review in addition to hearing to listen to.

# Types of Information Available

- Oral statements (e.g., eyewitnesses, other witnesses, experts, investigators, or character witnesses)

- Written statements (same)

- Physical objects and other kinds of records (e.g., a handwritten note, text messages or voice mail recorded on cell phone, or results of a medical exam)

- Documents (e.g., court or medical records, diagrams)

# Direct Evidence

- Direct information may be eyewitness testimony, but it could be a photograph or other direct "proof." If credible, direct information establishes the fact one is trying to prove. A witness statement that s/he saw the respondent at the scene provides direct support for the finding that the respondent was there.

# Circumstantial Evidence

- Circumstantial information requires an inference; one needs to infer the fact one is trying to prove (we infer that the respondent was present at the scene because there are footprints matching his shoes, but no one saw him).

- Hearsay is permitted in student conduct hearings.  Hearsay is simply statements made by one person about statements they heard from someone else.

# Definition of Relevance

▸ "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. —MS Rules of Evidence

# Relevancy

▶ What happened during the specific event in question is generally relevant.

▶ When understanding if something is relevant, ask yourself:

1. does it relate to an issue before the panel?

2. is the question likely to lead to evidence that will prove or disprove a material fact (something that matters)?

3. is the material fact in dispute?

# Prior Sexual Activity

- Relevant to establish a relationship
- MAYBE Relevant to give an understanding of what consent may have looked like previously (i.e. she nodded before…so she nodded this time)
- IRRELEVANT to show consent by itself
- IRRELEVANT if involving any prior sexual activity with non-respondent

# Credibility

- Even in a situation where it appears to be one person's word against another's, it is very rarely a "draw," as one person usually comes across as more credible than the other, or there is some kind of corroborative information.

- If it IS a complete draw, then need to fall back on the fact that the student is presumed innocent unless proven "in violation," and that the University has the burden of proof.

# Credibility

- Don't jump to conclusions based on your expectations. The decision is not based on your experiences.

- Remember, the credibility of both parties is at issue, not just the reporting party. Review the behavior and statements of the respondent as well as those of the reporting party.

# Credibility

- Inconsistency may or may not be important, depending on several factors; is there is a reasonable explanation, is the point significant or trivial, etc.

- Just because a witness's statement may vary over time (e.g., reporting party's or respondent's statement to police vs. what he/she says during a hearing weeks or months later), that does not compel a conclusion that the witness is lying. Is the variation something, for example, that might have resulted from memory lapse?

- Similarly, too much consistency could mean the story is rehearsed or memorized.

# Credibility

- There are no "perfect" victims (or witnesses) (who say all the right things, know all the right answers, and fulfill the stereotype of what a "victim" should be)

- There are no "perfect" perpetrators (who fulfill every stereotype of what a rapist/predator is)

# Questioning

▸ Always consider relevance first
  ○ Sexual activity
▸ Consider tone and phrasing
▸ Think about potentially victim-blaming statements or implications
▸ Not about satisfying your curiosity or your concern
▸ Rule of thumb: as impartial as is possible

# Questioning

- Develop questions in advance
- If you are unsure about questions, you can check in with Title IX Coordinator
  - See if question is relevant
  - See if question has already been asked, maybe just not in the report

# Witnesses

- Only call them if necessary
- Utilize your Title IX report
- Evaluate the information you receive from complainant and respondent to make determination

# Special considerations

- Cultural differences
- Disability
- LGBTQ students



# Educational Measures: Sanctions

- If a violation of University policy is found, the perpetrator will be issued sanctions from a wide ranging list of choices

- If the Board chooses NOT to expel under sexual misconduct policy, there should be a justification how the campus/community will be safe

- If respondent is suspended under sexual misconduct policy, there likely will be conditions or a way to ensure the entire campus is safe

# Activity: Scenario exercises

- For each scenario, think through: was our policy violated?
- If so, what sanctions are they levied?

# Contact us anytime

**Honey Ussery**
**Title IX Coordinator**
**662-915-7045**
**titleix@olemiss.edu**

**Lindsey Bardett Mosvick**
**Assistant Director for Violence Prevention**
**662-915-1059**
**bardett@olemiss.edu**