**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOHN DOE**                                                                                   **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.: 3:18CV63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI;**
**STATE INSTITUTIONS OF HIGHER**
**LEARNING ("IHL"); TRACY MURRY,**
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY; HONEY USSERY,**
**INDIVIDUALLY AND IN HER**
**OFFICIAL CAPACITY; STATE OF**
**MISSISSIPPI; and DOES 1 - 5**                                        **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL

COMES NOW, Plaintiff John Doe, by and through undersigned counsel and pursuant to Uniform Local Rules 5.2 and 79, and files this Memorandum of Law in Support of his Motion to File Documents Under Seal.

On November 17, 2017, the University of Mississippi ("The University"), expelled the Plaintiff for sexual assault following a biased and unfair investigation and adjudication conducted in response to allegations made by another student. Subsequently, on January 25, 2018, the Plaintiff filed his Complaint in this matter. Within his Complaint, the Plaintiff challenges the denial of due process and gender bias that existed in the University's investigation and hearing process, in violation of Title IX, the Fourteenth Amendment to the U.S. Constitution and in breach of the Plaintiff's contract with the University.

The incident which was the subject matter of the University's investigation and the subject of the Plaintiff's Complaint, was consensual sexual activity between two students that occurred in March, 2017. Following false and contradictory allegations by Jane Roe, the Plaintiff was

1

subjected to a biased investigation. During the course of the investigation and disciplinary proceedings, he was subjected to threats of physical violence from others and had his named sullied. Without providing the Plaintiff the most basic due process protections, the University erroneously found the Plaintiff "Responsible" for sexual misconduct and expelled him from school. The Plaintiff filed this action in order to call attention to the sexually discriminatory policies, procedures, and practices of the Defendants and the systemic denial of due process within the University's Title IX system. In addition, the Plaintiff seeks to clear his name and be able to return to the University to complete his education.

Due to the ongoing irreparable harm the Plaintiff has been suffering and will continue to suffer, part of the relief he seeks is an immediate injunction. However, in order to fully apprise the Court of the underlying specifics of the case which warrant imposition of a preliminary injunction, the Plaintiff must provide the Court with affidavits and other evidence which identifies himself, his girlfriend and other witnesses and provides intimate details of the sexual interactions between himself and his accuser, as well as medical and educational records relating to himself and his accuser.

As recognized by Uniform Local Rule 5.2, with the advent of the Court's PACER/ECF system, personal and sensitive information and data that formerly were available only by a review of the court's physical case files are now available to "the world, openly, publicly, and near-instantaneously." In order to pursue injunctive relief without having to share intimate details of the sexual relationship between himself and his accuser, as well as educational and disciplinary records which he seeks to have set aside, the Plaintiff seeks leave to file certain exhibits to his Motion for a Preliminary Injunction and the supporting Memorandum in support of his motion, under seal.

Without permission to file these materials under seal, even if the Plaintiff prevails in his suit, his identity, the identity of other involved students, intimate sexual details of their relationship and the students' educational records will remain in the public domain.  In such circumstances, not only would other potential collegiate institutions and future employers have access to this information, but so would the general public as a whole.

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. *L.U. Civ. R. 79(b).* Rule 79 requires that a party seeking leave of court to file documents under seal provide a nonconfidential description of what is to be sealed; a statement of why sealing is necessary, and another procedure will not suffice; references to governing case law; and, unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter-maintained underseal and how the matter is to be handled upon unsealing *L.U. Civ. R. 79(e)(4).*

Herein, the documents the Plaintiff seeks to file under seal consist of an Affidavit from the Plaintiff; an Affidavit from a female student at the University of Mississippi that discusses her relationship to the Plaintiff, her communications with the Title IX office and her testimony at the Plaintiff's Title hearing, information regarding threats she has heard, and statements made to her which caused her to feel threatened or intimidated; an Affidavit from the father of a student who was interviewed by Honey Ussery; a polygraph examination given to the Plaintiff by Patrick E. Coffey; a medical expert report from Dr. Kris Sperry discussing the specific findings related to a medical examination of the Plaintiff's accuser, a female student at the University; and correspondence from the University regarding the allegations made against the Plaintiff, which includes the names of the Plaintiff, his accuser, and student witnesses,  as well as specifics regarding the alleged sexual activity in question and disciplinary action which the Plaintiff is

seeking to have set aside.  These materials not only reveal the Plaintiff's identity and specific details of the accusations made against him, but also intimate details of his sexual relationship with his accuser, his educational records, the identity of other student witnesses and specific threats made against the Plaintiff.  In addition, Plaintiff moves to seal his Memorandum in Support of the Motion for Preliminary Injunction so as to provide the Court an unredacted discussion of the facts, witnesses and evidence.

The Plaintiff seeks leave to seal these exhibits and the supporting legal memorandum in order to preserve his anonymity, the anonymity of his accuser and the anonymity of other student witnesses, as well as to protect himself and the other students from further threats, humiliation and future educational and career damages that would likely result if their names, intimate sexual details, educational records and personal information were released to the public.

As the Defendants in this action already know the identity of the Plaintiff and his accuser, the Plaintiff is not seeking to seal the documents from review by any party.  Rather, in accordance with Local Civil Rule 79(e)(3)(B)(2) the Plaintiff requests these exhibits and the supporting Memorandum of Law be sealed from public access only, with access permitted to the litigants' counsel.

As recognized by this Court in *Doe v. Hood*, 2017 WL 240819 (S.D. Miss. June 6, 2017), a motion to file identifying documentation under seal must overcome the "general right to inspect and copy public records and documents, including judicial records and documents." See *Doe v. Hood*, 2017 WL 240819 (S.D. Miss. June 6, 2017), citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); see *also United States v. Apothetech RX Specialty Pharm. Corp.*, No. 3:15-CV-588-CWR-FKB, 2017 WL 1100818, at *1 (S.D. Miss. Mar. 20, 2017) ("court records are presumptively in the public domain").   "However, the public's common law right is not absolute."

*Sec. and Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing Nixon, 435 U.S. at 598). "In exercising its discretion, a district court must 'balance the public's common law right of access against the interests favoring nondisclosure.'" *Doe v. Hood*, 2017 WL 240819 (S.D. Miss. June 6, 2017), citing *Test Masters Educ. Serv., Inc. v. Robin Singh Educ. Serv., Inc.*, 799 F.3d 437, 454 (5th Cir. 2015) (quoting *Van Waeyenberghe*, 990 F.2d at 848). "[E]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *See S.E.C. v. Van Waeyenverghe,* 990 F.2d 845, 848 (5th Cir. 1993). "Improper purposes may include the use of records to "gratify private spite or promote public scandal." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

"[B]ecause the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause." *EEOC  v. Faurecia Automotive Seating, LLC,* Slip Copy 2017 WL 564051, (N.D. Miss. February 10, 2017), *citing* 360 *Mortg. Grp., LLC v. Bivona–Truman*, No. 1:14–cv–847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases).   As a general matter, "personal information (name, date of birth, social security number, address, work history, telephone number) triggers a privacy right that creates good cause for sealing."  See *EEOC  v. Faurecia Automotive Seating, LLC,* Slip Copy 2017 WL 564051, *citing Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–3078, 2015 WL 3993147, at *11 (N.D. Cal. June 30, 2015); see *Schaechtel v. Md. Div. of Corr.*, No. 14–2099, 2015 WL 5331254, at *1 n.1 (D. Md. Sep. 9, 2015) ("Given obvious confidentiality considerations, personal information regarding all home addresses shall immediately be placed under seal ...."). In addition, this Court has recognized that disclosure of personal information of the "utmost intimacy" such as in situations involving allegations of rape

are appropriate for proceeding pseudonymously.  *See Doe v. Mall*, 829 F.Supp. 866, 868 n.2 (S.D.Miss. 1993)

Herein, the Court has already recognized the appropriateness of using a pseudonym in this case in the place of the Plaintiff's name and that of his accuser. [Docket # 6]   In an Order dated February 22, 2018, the Court instructed that none of the Plaintiff's personally identifying information shall be made public on the Court's dockets and when filing any publicly accessible pleadings or documents pseudonyms shall be used.  *Id.*   Allowing the Plaintiff to file certain exhibits to his Motion for Preliminary Injunction and the supporting legal memorandum under seal would be consistent with this earlier ruling.

Herein, the public's common law right of access does not outweigh the need for privacy of the students involved in this matter.   The public's interest in this case lies with the determinations made with respect to the policies and practices of the University of Mississippi and its employees, not with the specific intimate details of the sexual lives of its' students or educational records of the Plaintiff.

## CONCLUSION

For the reasons discussed above, the Plaintiff respectfully request this Court grant his Motion to Seal the above-referenced documents supporting his Motion for a Temporary Restraining Order and the associated memorandum of law which discusses these materials.

Respectfully submitted this the 9th  day of March, 2018.

**JOHN DOE, PLAINTIFF**

By: ___s/*J. Lawson Hester*_____
        J. Lawson Hester

6

OF COUNSEL:

J. Lawson Hester (MS Bar No. 2394)
lhester@pbhfirm.com
Michelle T. High (MSB #100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

## <u>CERTIFICATE OF SERVICE</u>

I, J. Lawson Hester, hereby certify that I have this day filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Mississippi, via the Court's ECF/ PACER system, simultaneously with a Motion to Seal and supporting Memorandum of Law.

In addition, a true and correct copy of the foregoing is being provided to the following parties simultaneously with service of the complaint and summons:

Jim Hood, Attorney General
OFFICE OF THE ATTORNEY GENERAL
Walter Sillers Building
550 High Street, Suite 1200
Jackson, MS 39201
**COUNSEL FOR THE STATE OF MISSISSIPPI, STATE INSTITUTIONS OF HIGHER LEARNING, and THE UNIVERSITY OF MISSISSIPPI**

Tracy E Murry
2000 Lexington Pt, Apt 12A
Oxford, MS  38655

Honey Ussery
415 Timber Lane
Oxford, MS  38655

SO CERTIFIED, this the 9th day of March, 2018.

_s/J. Lawson Hester_____
J. Lawson Hester