**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHN DOE**                                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 3:18-cv-63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI; STATE
INSTITUTIONS OF HIGHER LEARNING ("IHL");
TRACY MURRY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; HONEY USSERY,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
STATE OF MISSISSIPPI, and DOES 1-5.**                  **DEFENDANTS**

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants The University of Mississippi, Mississippi Board of Trustees of State

Institutions of Higher Learning, Tracy Murry, Honey Ussery and State of Mississippi, under L.

U. CIV. R. 16(b)(3)(B), request that this Court stay this matter pending resolution of their Motion

to Dismiss (to be filed by April 18, 2018). In support, they state:

1.      This action arises out of student disciplinary proceedings at the University of

Mississippi (the "University") to enforce the University's student conduct rules. Plaintiff

disagrees with the results of those proceedings, but Defendants acted lawfully in completing the

investigation of allegations against John Doe and in submitting the pertinent alleged facts to a

University panel for determination. As discussed below and in Defendants' forthcoming Motion

to Dismiss, this Court should dismiss Plaintiff's claims against Defendants. In the meantime, this

Court should stay this action.

2.      Following the filing of Plaintiff's Complaint [Doc. 1] and Motion for Preliminary

Injunction [Doc. 7], the parties' requested a status conference with the Court to address motions

pending or soon to be pending before the Court and, specifically, a stay of this action pending

disposition of Defendants' Motion to Dismiss. To facilitate an expeditious resolution of that

issue, the Court ordered Defendants to file this Motion to Stay Proceedings in advance of filing

their Motion to Dismiss. Accordingly, reserving all rights and defenses and without entering a

general appearance, Defendants request that this Court stay these proceedings pending resolution

of Defendants' Motion to Dismiss (to be filed on or before April 18, 2018).

3.      Defendants have advised the Court of their intent to file a Motion to Dismiss

Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12 raising, among other

defenses and objections, immunity defenses under the Eleventh Amendment to the United States

Constitution, the Mississippi Tort Claims Act, and the common law doctrines of qualified

immunity and state sovereign immunity. Defendants' Motion will challenge not only Plaintiff's

ability to adequately state a claim for relief but also the very ability of this Court to hear certain

of Plaintiff's claims.

4.      The Local Uniform Civil Rules provide that "a motion asserting an immunity

defense or jurisdictional defense stays the attorney conference and disclosure requirements and

all discovery, pending the court's ruling on the motion, including any appeal." L. U. CIV. R.

16(b)(3)(B).  The Local Uniform Civil Rules additionally provide that "[t]he court will give

priority to discovery motions, discovery appeals, immunity defense motions, motions to remand,

and other jurisdictional motions." L. U. CIV. R. 7(b)(7).

5.      The court has additional discretion to stay discovery pending resolution of a

motion to dismiss and such a stay is appropriate where (1) the motion will be decided based on

the content of the complaint without additional facts developed during discovery, and (2) the

motion, if granted, would dispose of the case and avoid the effort and expense of discovery.

*Vanderlan v. Jackson HMA, LLC*, 2017 U.S. Dist. LEXIS 210726, *2 (S.D. Miss. Dec. 22,

2017). Moreover, Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause shown, issue an order to protect a party or person from . . . undue burden or expense." Good cause may be shown "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Vanderlan*, 2017 U.S. Dist. LEXIS at *3 (quoting *Dowdy & Down P'ship*, 2010 U.S. Dist. LEXIS 108798, *1 (S.D. Miss. Sept. 30, 2010)).

6.     Eleventh Amendment sovereign immunity, qualified immunity, and immunity under the Mississippi Tort Claims Act all provide immunity from the burdens of suit rather than mere liability. *See Melton v. Phillips*, 875 F.3d 256, 265 n. 9 (5th Cir. 2017) ("It is important to consider [qualified immunity] at the earliest possible state of litigation because qualified immunity is an immunity from suit that is effectively lost if a case is erroneously permitted to go to trial.") (internal quotation omitted); *McCarthy v. Hawkins*, 301 F.3d 407, 415 (5th Cir. 2004) (noting that Eleventh Amendment "confers an immunity from suit") (internal citation omitted); *Hinds Co. v. Perkins*, 64 So. 3d 982, 985 (Miss. 2011); *Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (Miss. 2003) ("[Mississippi Code Section 11-46-9], like that of qualified or absolute immunity, is an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible state of litigation.").

7.     Courts have recognized that, even absent such considerations regarding the priority of immunity defenses, considering a motion to dismiss before a motion for preliminary injunction promotes judicial economy and allows for a more orderly and careful determination of the issues. *See Pham v. Univ. of La. at Monroe*, 194 F. Supp. 3d 534, 549 n. 8 (W.D. La. 2016), aff'd *Pham v. Blaylock*, 2017 U.S. App. LEXIS 20275, *11 (5th Cir. Oct. 17, 2017) (noting that

3

grant of dismissal based on qualified immunity required court to disregard evidence adduced at hearing on preliminary injunction); *Arruda & Beaudoin, LLP v. Astrue*, 2011 U.S. Dist. LEXIS 113022, *2 (D. Mass. Sept. 30, 2011) (noting that issues raised in motion to dismiss will necessarily need to be resolved as part of preliminary injunction motion and that deciding motion to dismiss first will advance orderly determination of issues); *Labat-Anderson, Inc. v. United States*, 346 F. Supp. 2d 145, (D.D.C. 2004) ("when presented with a motion for a preliminary injunction and a competing motion to dismiss for lack of jurisdiction, the Court must address the jurisdictional issues first, and may reach the merits of the motion for preliminary injunction only once, and only if, jurisdiction is established."); *Penn. Mun. Auths. Ass'n v. Horinko*, 292 F. Supp. 2d 95, 101 (D.D.C. 2003) ("Plaintiff's preliminary injunction motion does not take priority over defendants' motion to dismiss for lack of jurisdiction.").

8.      Courts have additionally recognized that a plaintiff's delay in pursuing preliminary injunctive relief may be a sufficient reason to deny such request. *See Humana Ins. Co. v. Tenet Health Sys.*, 2016 U.S. Dist. LEXIS 161274, *50 (N. D. Tex. Nov. 21, 2016) ("Courts in this district have also held that a movant's delay in seeking a TRO and preliminary injunction militates against the issuance of a TRO or preliminary injunction.") (internal quotation omitted).

9.      Plaintiff opposes entry of a stay pending resolution of Defendants' Motion to Dismiss based on the pendency of his Motion for Preliminary Injunction [Doc. 7]. In the telephonic status conference with the Court held April 4, 2018, counsel for Plaintiff indicated that Plaintiff seeks reinstatement to the University of Mississippi in sufficient time to enroll in classes for the fall semester, which will begin on August 20, 2018.

10.     The University expelled Plaintiff on December 5, 2017. *See* Compl. p. 22 ¶ 102. Plaintiff subsequently filed his Complaint on January 26, 2018, and his Motion for Preliminary Injunction on March 12, 2018. *See* [Doc. 1] and [Doc. 7]. Plaintiff served the first Defendant with process on March 19, 2018. *See* [Doc. 16]. Plaintiff's own actions resulted in a delay of seven weeks between Plaintiff's expulsion and the filing of his Complaint and almost fourteen weeks between his expulsion and Motion for Preliminary Injunction. Even then, Plaintiff waited another two weeks to begin serving Defendants.

11.     In the light of the jurisdictional and immunity defenses to be raised by their Motion to Dismiss, Defendants request that the Court give priority to Defendants' Motion to Dismiss over Plaintiff's Motion for Preliminary Injunction and stay this action pending the resolution of Defendants' Motion to Dismiss consistent with the Local Uniform Civil Rules.

12.     Plaintiff's own delay in seeking relief should not deprive Defendants of the opportunity to submit and have decided any and all jurisdictional and immunity defenses before engaging in discovery and/or further proceedings related to Plaintiff's extraordinary request for preliminary relief.

13.     Because of the self-explanatory nature of this Motion, Defendants request that the Court relieve them of the requirement of a separate memorandum brief.

FOR THESE REASONS, Defendants request that the Court stay this action pending resolution of their forthcoming Motion to Dismiss.

THIS, the 6th day of April, 2018.

Respectfully submitted,

/s/ J. Cal Mayo, Jr.
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com

## CERTIFICATE OF SERVICE

I, J. Cal Mayo, Jr., one of the attorneys for Defendants, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record.

THIS, the 6th day of April, 2018.

 */s/ J. Cal Mayo, Jr.*
J. CAL MAYO, JR.