IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN DOE**                                                                                     **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.: 3:18CV63-DPJ-FKB**

**STATE OF MISSISSIPPI; ET AL.**                                                **DEFENDANTS**

### REBUTTAL IN SUPPORT OF THE PLAINTIFF'S MOITON FOR PRELIMINARY AND EXPEDITED DISCOVERY

Currently pending before the Court is the Plaintiff's Motion for Preliminary and Expedited Discovery. [Doc. 60] Within this Motion, the Plaintiff had set forth a request for a sixty (60) day period within which to take certain expedited discovery relating to the immunity motion and Motion for Preliminary Injunction that are pending before the Court. Within the Motion the Plaintiff requested a sixty (60) day period within which to take the 30(b)(6) deposition of the University and/or the State of Mississippi, as well as the depositions of Honey Ussery, Tracy Murry and Jane Roe, on limited matters which were set forth within the request. The Plaintiff also asked the Court for an expedited period of time within which to engage in written discovery in advance of some of the requested depositions.

The Defendants are opposed to the request for preliminary, expedited discovery and argue that L.U.Civ.R 16(b)(3)(B) requires a stay of discovery at this time. [Doc. 65] In asserting this argument, the Defendants have chosen to ignore the second sentence of L.U.Civ.R. 16(b)(3)(B), as well as other Federal Rules of Civil Procedure that provide for limited and/or expedited discovery upon obtaining the Court's approval. While L.U.Civ.R. 16(b)(3)(B) does provide for a stay of the attorney conference and disclosure requirements, as well as discovery, after the filing of a jurisdictional or immunity-based motion, the decision whether to permit discovery on issues

1

related to the motion(s) *or any portion of the case*, are decisions "committed to the discretion of the court…". *See* L.U.Civ.R. 16(b)(3)(B).  Furthermore, the Federal Rules of Civil Procedure permit the court to authorize discovery on an expedited basis. *See* Fed. R. Civ. P. 26(d)(1) (when authorized by the court, a party may seek discovery prior to Rule 26(f) conferral); Fed. R. Civ. P. 30(a)(2)(A)(iii) (with leave of court, party may depose person prior to time specified in Rule 26(d)); Fed. R. Civ. P. 33(b)(2) (court may order shorter time to respond to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (court may order shorter time to respond to requests for production).

The Federal Rules of Civil Procedure specifically provide that discovery prior to the time specified in Rule 26(d) may be appropriate in cases involving a request for a preliminary injunction. *See* Fed. R. Civ. P. 26(d) advisory committee notes (1993 amendments)(discovery can begin before a Rule 26(f) conferral if authorized by order and will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction); *see also H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 176 (5th Cir. 1988) (noting that district court held preliminary injunction hearing following expedited discovery); *FMC Corp. v. Varco Int'l, Inc.,* 677 F.2d 500, 501 (5th Cir. 1982) (same); *Quilling v. Funding Resource Group*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery); *James v. Mellin,* N.D. Miss., Civil Action No.: 2:07 cv 092 (July 19, 2007) (court acknowledged having the discretion to order limited discovery related to a pending preliminary injunction motion).

The Defendants' alternative arguments for denying the Plaintiff's request for preliminary and expedited discovery include a contention that the Plaintiff has already responded to the pending dismissal motion and has not stated viable due process claims, that discovery relating to the pending Motion for Preliminary Injunction cannot go forward because a hearing date has not

yet been established and/or the scope of Plaintiff's requested discovery is too broad. For the reasons set forth below, these arguments should also be dismissed.

Plaintiff has filed a forty-nine (49) page Complaint in this matter. [Doc. 26] The Complaint sets forth particulars regarding some of the actions of the named Defendants which, if proven, would support the due process claims asserted. The Fifth Circuit has repeatedly assumed that students have a protected interest that must be safeguarded prior to an expulsion. *See E.G. Shaboon v. Duncan*, 252 F.3d 722, 730 (5th Cir. 2001) The "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldredge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d.18 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Due process calls for such procedural protections as a particular situation demands. When a student is dismissed for disciplinary reasons, the Fourteenth Amendment of the U.S. Constitution requires that the student be given oral or written notice of the charges against him and if he denies them an explanation of the evidence the authorities have and an opportunity to present his side of the story. *See Goss v. Lopez*, 419 U.S. 565, 581, 955 S.Ct. 729, 42 L.Ed.2d 725 (1975). The substantive component of a due process bars "certain government actions regardless of the fairness of the procedures that were used to implement them." *See Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Although the Defendants contend that the Plaintiff has not alleged a violation of his Constitutional rights or any legal authority in support of the same, a cursory review of the pleadings shows otherwise. [Doc. 26, 53, 54] Within his Complaint and his response in opposition to the pending Motion to Dismiss, the Plaintiff has set forth more than 100 paragraphs of factual allegations regarding the actions and misconduct of the parties, and Murry and Ussery in particular.

In addition, the Plaintiff has clearly alleged violations of the Fourteenth Amendment by the parties, including Murry and Ussery and specifics that would show that he was treated in a bias and unfair manner and was not heard in a meaningful manner.  The allegations of the Plaintiff's Complaint are such that the Court can determine Ussery and Murry's actions constituted substantial departures from the accepted norms sufficient to demonstrate there was a violation of the Plaintiff's due process rights.

In *Hutchins v. Lee Cnty. School Dist.* the U.S. District Court for the Northern District of Mississippi noted that a supplemental suspension given to a student during the appeal of an earlier disciplinary action raised concerns for the court about whether the individual's substantive due process rights had been violated.  *See Hutchins v. Lee Cnty. School Distr.*, No. 1:04cv129, 2006 WL 396948 (N.D. Miss. Feb. 16, 2006). Herein some of the same issues present themselves and must be assessed.  Similarly, the question of whether the punishment that was issued to the Plaintiff was so out of proportion with his conduct so as to shock the conscience, is a question of fact which must also be developed by the parties and presented for analysis with the preliminary injunction briefing.  *See e.g. Rubino v. Saddlemire*, No. 3:05cv1955, 2007 WL 685183 (D. Conn. March 12007).  Plaintiff is seeking limited, expedited discovery so as to more fully present the facts relating to these issues to the Court prior to a decision on the pending motions.

Allowing the parties to proceed with limited discovery relating to the pending issues, is appropriate and permitted under the Federal Rules of Civil Procedure and the Uniform Local Rules Expedited discovery is particularly appropriate in this case because the Plaintiff is seeking injunctive relief.  *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004)(expedited discovery is appropriate in cases involving preliminary injunction.); *See also North American Deer Registry, Inc. v. DNA Solutions, Inc.,* No. 4:17-CV-00062 2017

WL 1426753 (E.D.Tex. April 21, 2017); *Legacy of Life, Inc. v. American Donor Services, Inc.*, 2006 WL 8435983 (W.D.Texas, October 10, 2006).

While the Defendants argue that the Plaintiff does not have any information to support his claims, the specific factual allegations in the Complaint as well as arguments in support of the Motion for Preliminary Discovery show otherwise. It is, however, acknowledged by the Plaintiff that some of the critical information that the Plaintiff needs to support his case is in the sole possession of the Defendants. This information should be easily accessible or known to the Defendants and capable of quick production. Furthermore, as defendants Murry and Ussery are parties to the case, the Plaintiff cannot simply obtain affidavits from them. As such, limited depositions relating to the claims in issue is appropriate.

The Plaintiff is not seeking overly broad discovery, but that which is tailored to those issues that must be determined with respect to the pending motions. While not yet formally set, a hearing date for the pending motion for preliminary injunction is being held open by the Court and counsel in the event the Court determines a hearing is necessary. Furthermore, the Defendants themselves have asked for additional time to engage in briefing on the preliminary injunction issue. Thus, now is the appropriate time to engage in expedited discovery so that when the briefing deadlines are established and the hearing is set, the matter can proceed quickly.

It is fully within this Court's discretion to allow the parties to engage in some form of limited preliminary discovery related to both the immunity issues and/or the Motion for Preliminary Injunction that is currently pending before the Court. The Plaintiff is seeking only to have discovery which addresses those issues that must be addressed in the pending immunity and preliminary injunction motions and he is agreeable to the time constraints placed on the parties by the Court. Those restraints that were set out in the requests presented were based upon a realistic

expectation of the amount of time it would take the parties to engage in this discovery. The Plaintiff does not believe that this discovery would put an undue burden on the parties as this information is accessible to the Defendants. For these reasons, the Plaintiff respectfully requests that his Motion for Preliminary and Expedited Discovery be granted.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests his Motion for Preliminary and Expedited Discovery be GRANTED in its entirety.

RESPECTFULLY SUBMITTED, this, the 29th day of May, 2018.

Respectfully submitted,

**JOHN DOE**

By: */s/ Michelle T. High*
  Michelle T. High

J. Lawson Hester (MSB # 2394)
lhester@pbhfirm.com
Michelle T. High (MSB #100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

## CERTIFICATE OF SERVICE

I, Michelle T. High hereby certify that I have this day filed the foregoing document electronically with the U.S. District Court, Southern District of Mississippi Clerk of Court's PACER/ECF system which gives electronic notice to the following:

J. Cal Mayo, Jr.
cmayo@mayomallette.com
Paul B. Watkins, Jr.
pwatkins@mayomallette.com
J. Andrew Mauldin
dmauldin@mayomallette.com
Mayo Mallette PLLC
P.O. Box 1456
Oxford, Mississippi 38655
**COUNSEL FOR DEFENDANTS**

SO CERTIFIED, this the 29th day of May, 2018.

*/s/ Michelle T. High*
Michelle T. High