IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN DOE**                                                                                  **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:18-cv-63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI,**
**ET AL**                                                                         **DEFENDANTS**

## **ORDER**

This cause is before the Court on Plaintiff's emergency motion for discovery [60].

Pursuant to L.U.Civ.R. 16(b)(3)(B), all discovery is presently stayed pending a decision on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [45]. In his motion, Plaintiff seeks relief from the discovery stay, contending that the requested discovery is related to his preliminary injunction motion [7], as well as the qualified immunity defenses raised by Defendants Honey Ussery and Tracy Murry in Defendants' motion to dismiss [45].[1]

After considering the parties' filings, the Court held a telephonic hearing on Plaintiff's motion on June 29, 2018. The hearing was on the record with a court reporter, and the undersigned issued an oral ruling on the motion at the hearing. This Order is being entered to memorialize the undersigned's ruling at the June 29, 2018, hearing.

For the reasons stated on the record at the June 29, 2018, hearing, the Court orders that the parties may conduct the following limited discovery:

---

[1] Defendants' motion to dismiss has been fully briefed and is pending before the District Judge. *See* Defendants' motion to dismiss [45] and supporting memorandum [46], Plaintiff's response [53] and supporting memorandum [54], and Defendants' rebuttal [55].

1

1. Plaintiff and The University of Mississippi/Chancellor Jeffrey S. Vitter (in his official capacity only)[2] may each propound a total of fifteen (15) interrogatories and fifteen (15) requests for production;

2. Plaintiff may propound discovery only to The University of Mississippi/Chancellor Vitter (in his official capacity only);

3. The scope of discovery shall be limited to information and documents related to the investigation of the subject incident involving John Doe and Jane Roe, and any administrative process, proceedings, hearings, or appeals that resulted in John Doe's expulsion from the university;

4. Plaintiff may request reasonably accessible Title IX statistical information from the university;

5. For the limited discovery allowed under this Order, the party to whom a discovery request is directed must serve a response, and if a request for documents, produce documents, within fifteen (15) days after being served with the discovery request;

6. If any discovery disputes arise, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1), prior to filing a discovery motion. If the attorney conference does not resolve the dispute, counsel must contact the undersigned's chambers to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion on the disputed issue(s).

---

[2] For all purposes under this Order, The University of Mississippi and Chancellor Jeffrey S. Vitter, in his official capacity, shall be treated as one party.

Plaintiff's emergency motion for discovery [60] is otherwise denied. Except for the discovery permitted by this Order, the discovery stay remains in effect until the Court issues a ruling on Defendants' motion to dismiss [45] and the stay under L.U.Civ.R. 16(b)(3)(B) is lifted.

SO ORDERED, this the 2nd day of July, 2018.

                                            /s/ F. Keith Ball
                                            UNITED STATES MAGISTRATE JUDGE