# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN DOE**                                                   **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 3:18-CV-63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI, ET AL.**              **DEFENDANTS**

## PROTECTIVE ORDER

The terms of this Protective Order shall apply to and shall govern all documents, tangible things, disclosures, discovery responses and testimony designated by the disclosing party as constituting or containing confidential information:

1. During the discovery process, the parties may produce certain documents that consist of or include sensitive, confidential, private or proprietary information. The party producing these documents shall designate them as confidential by stamping the copies produced as "Confidential".

2. A deposition containing confidential information will be designated as "Confidential – Subject To Court Order" both on the record and by the court reporter on any transcript.

3. A party may only use information designated as "Confidential" by another party to prosecute, defend or settle this action and for no other purpose.

4. A party shall only designate documents or testimony as "Confidential" or as containing confidential information if, in good faith, that party believes the documents or testimony (i) may consist of or may be deemed to consist of or include sensitive, confidential, private or proprietary information, or (ii) are otherwise protected from disclosure under the applicable law or the Federal Rules of Civil Procedure.

5.      Any other party may challenge the designation of any particular document or testimony as "Confidential" or as containing confidential information by filing a motion, after conferring in good faith, challenging the designation. The failure to file such a motion shall not be deemed an admission that any document designated as such is "Confidential" contains confidential information. During the pendency of the challenge to the designation, the parties shall treat the challenged material as "Confidential" or as containing confidential information within the terms of this Order unless and until the Court rules that the information is not subject to this Order. The party who designated the challenged material as "Confidential" shall have the burden to establish that the designation is proper.

6.      Information designated as "Confidential" may be disclosed or made available only to this Court, to legal counsel for the parties (including the paralegal, clerical, litigation support vendors, and secretarial staff employed by plaintiffs' and defendants' inside and outside counsel) and to the "qualified persons" designated below:

(a)    the parties;

(b)    experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense or settlement of this action;

(c)    court reporters employed in this action;

(d)    a witness at any deposition or other proceeding in this action;

(e)    the parties' insurers or reinsurers; and

(f)    to any other persons to whom the parties in writing agree.

7.      Before receiving any confidential information, each "qualified person" shall be informed of the existence of this Protective Order and shall agree to comply with it.

8. If confidential information is filed with this Court, the party filing the pleading or paper including the confidential information shall request pursuant to L.U.Civ.R. 79 that the Court seal the records before filing. Absent extraordinary circumstances, a party filing a motion to seal should request that the confidential information be sealed from public access only, with CM/ECF access permitted to the litigants' counsel pursuant to L.U.Civ.R. 79(e)(3)(B)(2). The specific portion of the pleading or paper shall be separately labeled "Confidential – Subject to Court Order." If the Court declines to seal the document, the document should not be filed without notice to the designating party.

9. If any confidential information is used in any Court proceeding in this action, it shall not lose its "Confidential" status through such use, and the parties shall take all reasonable steps to maintain its confidentiality during such use. The party which has designated the information as "Confidential" may move the Court to provide protections to preserve the confidentiality.

10. If any party is asked or ordered to produce any information designated by another party as "Confidential" pursuant to this Protective Order in any other litigation or proceeding, the party so asked or ordered shall immediately (before compliance) give the designating party written notice to permit the designating party to protect the confidential information in that proceeding.

11. This Protective Order shall survive the final termination of this action, to the extent that the information contained in any documents designated "Confidential" is not or does not become known to the public. This Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Protective Order. Upon termination of

this action, on request of any party, counsel for each party shall assemble and return to counsel for the designating party all documents and information designated as "Confidential".

12. The Court sets a deadline of August 1, 2018, for the University and Chancellor Jeffrey S. Vitter, in his official capacity, to produce documents in response to Plaintiff's First Set of Requests for Production.

SO ORDERED, this the 20th day of July, 2018.

        /s/ F. Keith Ball
        UNITED STATES MAGISTRATE JUDGE