**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHN DOE**                                                                                       **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO.: 3:18CV63-DPJ-FKB**

**STATE OF MISSISSIPPI; ET AL.**                                             **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

### *URGENT AND NECESSITOUS*

On June 29, 2018, in response to an emergency motion for discovery in this matter, the

Court held a telephonic hearing with the parties.  After considering the filings and arguments of

counsel, the Court entered an Order addressing the permissible scope of the expedited discovery

that would be permitted. [Doc. 69] Pursuant to the Court's Order, the Plaintiff and the University

of Mississippi/Chancellor Vitter could each propound a total of fifteen interrogatories and fifteen

requests for production.  *Id.*  The scope of the discovery was limited to:

1. Information and documents related to the investigation of the subject incident involving John Doe and Jane Roe and any administrative process, proceedings, hearings, or appeals that resulted in John Does' expulsion from the University; and

2. A request by the Plaintiff for reasonably accessible Title IX statistical information from the University.

*Id.*  The Plaintiff propounded written discovery to the University of Mississippi and

Chancellor Vitter, in his official capacity, on July 2, 2018. [Doc. 67,68] The responses were due

on July 17, 2018. On that date, unsigned interrogatories were produced, as were written objections

to the requests for production and a motion for protective order seeking additional time to produce

documents. *See Exhibit "A"*.  As there were numerous deficiencies in the production, undersigned

counsel contacted defense counsel about the discovery.  Subsequently, an eleven-page good faith

letter seeking further responses and document production was sent by the Plaintiff on July 18, 2018. *See Exhibits "B", "C".* Efforts were made to resolve the dispute and on July 20, 2018, the Court held a discovery conference with counsel. During the conference, defense counsel represented that many documents could not be produced until FERPA notices were issued and the recipients had fifteen days to raise objections. Because the notices were not issued until July 18, 2018, the Defendants were given until August 1, 2018, to provide documents responsive to the Requests for Production. [Doc 74] During the conference, the dispute regarding the failure of the University and Vitter to produce any documentation responsive to the questions seeking statistical information was also mentioned. At that time, defense counsel acknowledged that the University prepares and/or submits reports regarding information responsive to these requests bi-annually, but that not every category of requested information is included on those reports. The Plaintiff agreed to production of the information in the existing format.

On August 1, 2018, the University did in fact produce copies of the transcripts and recordings in issue. Additionally, multiple copies of the investigative file and emails responsive to the Plaintiff's requests were produced, as was a privilege log. *See* Exhibit "B". Signed interrogatories were not produced until August 3, 2018, after further request from the Plaintiff. *See* Exhibit "C". Despite this production, the University/Vitter did not produce all responsive information requested and raised inappropriate objections to numerous Interrogatories. On the morning of August 6, 2018, further requests for responsive information were issued by Plaintiff's counsel and the execution of a good faith certificate was made. *See* Exhibit "D". As of the filing of this Motion, no response has been provided. Specifically, the Plaintiff has concerns about the following deficiencies in the Defendants responses:

<u>Interrogatory No. 1:</u> Please detail the role of each person involved in the investigation of Jane Roe's Title IX complaint and the disciplinary proceedings against John Doe, including within your response the duties of each individual with respect to the investigation and/or disciplinary proceedings and the associated reporting structure between the individuals. (This interrogatory seeks information related to all aspects of the University proceedings involving John Doe, from the initial involvement of the Title IX office through the University's final appeal determination.)

<u>Response to Interrogatory No. 1:</u> The University objects to this interrogatory as compound in nature. The University further objects to this interrogatory because, when combined with the remainder of Plaintiffs Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Order of June 29, 2018 [Doc. 69] (the "Court's Limited Discovery Order"). The University further objects to this interrogatory on grounds that it seeks a detailed narrative explanation and exceeds the scope of narrow discovery articulated by the Court in its Limited Discovery Order. The University further objects to this interrogatory as overly broad and outside the scope of the Court's Limited Discovery Order as seeking information regarding "persons" generally and not limited to University employees or persons under its control. The University further objects to this interrogatory because "involved" is vague and ambiguous. Without waiving these objections, the University identifies the following individuals who had direct investigative, administrative, advocacy, and/or adjudicative roles in the investigation of Jane Roe's Title IX complaint and the disciplinary proceedings against John Doe:

1. Honey B. Ussery: Title IX Coordinator, University of Mississippi.

2. Tracy E. Murry: Director of Conflict Resolution and Student Conduct, University of Mississippi.

3. Lindsey Bartlett Mosvick: Violence Prevention Coordinator, Office of Violence Prevention, University of Mississippi, Advisor for Jane Doe.

4.    REDACTED: Advisor for Jane Doe.

5.    Ken Coghlan: Advisor for John Doe, Rayburn Coghlan Law Firm.

6.    Lawson Hester: Advisor for John Doe, Pettis, Barfield & Hester, P.A.

7.    Jim Pettis: Advisor for John Doe, Pettis, Barfield & Hester, P.A.

8.    REDACTED: Chair of Judicial Council.

9.    REDACTED: Judicial Council Member.

10.    Student #1: Judicial Council Member.

11.    REDACTED: Chair of Judicial Council.

12.    REDACTED: Judicial Council Member.

13.    Student #2: Judicial Council Member.

14.    REDACTED: Chair of Appellate Consideration Board.

15.    REDACTED: Appellate Consideration Board Member.

16.    REDACTED: Appellate Consideration Board Member.

17.    REDACTED: Coordinator, Office of Conflict Resolution and Student Conduct.

18.    REDACTED: Assistant Director, Office of Conflict Resolution and Student Conduct.

The Defendants' objection to Interrogatory No. 1 because it requests "a detailed narrative explanation and exceeds the scope of narrow discovery articulated by the court" is simply inaccurate. The inquiry simply asks for a list of persons and detailing of their role, as well as an explanation of the Court held that the parties could propound fifteen (15) interrogatories to the University and Chancellor Vitter, in his official capacity. John Doe propounded this number of interrogatories and the interrogatories do not contain inappropriate subparts. The only subparts that exist are those that explain the specifics of each inquiry and the type of information being sought. For example, in Interrogatory No. 1, the Plaintiff asks the Defendant to detail the role of each person involved in the investigation of Jane Roe's Title IX Complaint and the disciplinary proceedings against John Doe. This request specifically asked for an explanation of the duties of

4

each individual with respect to the investigation or disciplinary proceedings and the associated reporting structure between the individuals.  The Plaintiff included this language so as to clarify that by asking the identity of particular individuals he wants to know what their title and role in the proceedings were. The fact that the interrogatory clarified what was being requested does not make it inappropriate or beyond the scope of discovery allowed by the Court. To the extent the Defendant has failed to include the identities of any persons it/they know to have been involved in the investigation, the names and a description of the individual's role/ roles should be compelled. In addition, although Interrogatory No. 1 asks the Defendant to identify the duties and reporting structure between the individuals involved in the Title IX and disciplinary proceedings against John Doe, such identification was not included within the response.  The Plaintiff is not looking for a detailed narrative explanation but is simply seeking an indication of the type of relationship or reporting structure between the panel members, the Title IX employees and other employees of the University.

Interrogatory No. 2: Please identify all individuals who were contacted as part of the University's Title IX investigation of the allegations by Jane Roe and any statements, affidavits, declarations, emails, notes or other written or recorded documentation of the interviews that exist, stating within your response the identity of all University representatives who created or are in possession of this documentation.

Response to Interrogatory No. 2: The University objects to this interrogatory as compound in nature. The University further objects to this interrogatory because, when combined with the remainder of Plaintiff's Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University further objects to this interrogatory because requesting the University to "identify all University representatives who

created or are in possession of this documentation" is outside the scope of the Court's Limited Discovery Order. Without waiving such objections, the University elects to respond to this Interrogatory by producing business records pursuant to FED. R. Crv. P. 33(d), which will be produced upon entry of an appropriate protective order and the provision of requisite notice to affected students. Responsive records will be marked as UM 000355 - UM 000654.

A Protective Order was issued in this case and on August 1, 2018, The University provided the documents referenced above. However, these records are not believed to be fully responsive to the request as the documents do not reveal those who were contacted and for which notes were not taken.  Investigation notes reveal there was another female in John Doe's room at the time in issue and no information about this person has been provided. Additionally, it is known that there was a security guard present at the dorm on the night in question and a video of the entrance and exit which was requested by the Plaintiff as part of his defense.  There is nothing in the University's response to indicate anyone was contacted about these matters either verbally or in writing.  If person's were contacted they should be identified.

Interrogatory No. 3: Please explain what efforts were made by the University or its representatives to address the complaints of bias and intimidation by Honey Ussery that were raised during the Title IX investigation and disciplinary proceedings at issue in the Plaintiff's Complaint.

Response to Interrogatory No. 3: The University objects to this interrogatory because, when combined with the remainder of Plaintiff's Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this interrogatory because it is vague and unclear with respect to the nature of "the complaints of bias and intimidation" about which it seeks information.

6

Following receipt of this response, Plaintiff's counsel advised that the reference related to a student witnesses' complaint of bias (which is contained in the University hearing transcript and in an Affidavit, which was previously shared with the court) as well as the University's own finding of bias by the Appellate Consideration Board in September, 2017. *See Exhibit "B"*. The Defendants have still not responded.

Interrogatory No. 4: Please identify who was present in the deliberation room utilized by Judicial Council members during each hearing involving allegations against John Doe (inclusive of appeal hearings), including in your response the name of each person, that person's role in the proceedings, and any statements made by any individual who was not a member of the three-person hearing panel.

Response to Interrogatory No. 4: The University objects to this interrogatory as compound in nature. The University further objects to this interrogatory because, when combined with the remainder of Plaintiff's Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this Interrogatory to the extent it exceeds the scope of the discovery allowed by the Court's Limited Discovery Order. Specifically, discovery requests regarding statements made within the "deliberation room" call for a narrative explanation and are more appropriately directed toward Defendant Murry, who is not subject to discovery at this time, or the individual Judicial Council members, by less burdensome measures. Without waiving this objection, Defendant Murry was in the "deliberation room" with Judicial Council members during both disciplinary hearings.

While the Defendant has stated that Tracy Murry was in the deliberation room with Judicial Council members during both disciplinary hearings, Murry's role was not disclosed, nor were any statements that may have been made by him or anyone else during the deliberations disclosed. The

fact that the Interrogatory requests details does not make the request become a discrete subpart to be separately counted.  *See* Federal Rules Advisory Committee Notes (1993), as amended.  The presence of a person other than the panel during the course of closed disciplinary deliberations is well within the parameters of the permissible discovery at this point in time and relates directly to the proceedings and considerations of the panel in making its determination with respect to John Doe and his expulsion.  Furthermore, while the University argues Murry is not subject to discovery at this time, as of the filing of the University's extended deadline, Murry's immunity motion had already been decided.  The University should be compelled to respond to this inquiry.

Interrogatory No. 5: Please detail all instructions given to the members of the University Hearing Council and Appellate Considerations Board which relate to the any aspect of the proceedings against John Doe, whether the instructions were verbal or written. Within your response, identify the date of the instructions, the role of the parties involved, and the nature of the instructions given.

Response to Interrogatory No. 5: The University objects to this interrogatory as compound in nature. The University further objects to this interrogatory because, when combined with the remainder of Plaintiffs Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University further objects to this interrogatory as overly burdensome given the expedited and abbreviated nature of Plaintiffs requested discovery and as outside the scope of the Court's Limited Discovery Order. Specifically, discovery requests regarding training administered to Judicial Council Members and/or Appellate Consideration Board members are more appropriately directed toward Defendants Murry or Ussery, who are not subject to discovery at this time, or the individual Judicial Council or Appellate Consideration Board members by less burdensome means.

The University's objection to Interrogatory No. 5 is much like its objection to Interrogatory No. 4.  It is the fourth interrogatory and does not exceed the fifteen inquiries Plaintiff has been permitted to make.  Furthermore, it directly relates to the issues discussed with in the Court's order allowing limited, expedited discovery.  In this interrogatory, the Plaintiff is seeking to know the specific instructions given to the panelists who considered his case and expelled him from the University.

Interrogatory No. 6: Please identify when Tracy Murry and Honey Ussery each learned of the Appellate Consideration Board's decision relating to John Doe's initial appeal, what specific information was communicated to each of them about the decision and by whom. In your response, identify the manner in which Murry and Ussery were each advised of the decision, when this conveyance was made and the person who made the conveyance to each.

Response to Interrogatory No. 6: The University objects to this interrogatory because, when combined with the remainder of Plaintiffs Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this Interrogatory as outside the scope of the discovery allowed by the Court's Limited Discovery Order. Specifically, this Interrogatory is more appropriately directed toward Defendants Murry and Ussery, who are not subject to discovery at this time. Without waiving such objections, the University elects to respond to this Interrogatory by producing business records pursuant to FED. R. Crv. P. 33(d), which will be produced upon entry of an appropriate protective order and the provision of requisite notice to affected students. Responsive records will be marked as UM 001243-UM 001258 and UM 001400.

To begin, the Plaintiff is not asking either Defendant Murry or Defendant Ussery to respond to this interrogatory.  The Plaintiff is asking the Defendant to advise of communications *it* has

knowledge of.  Specifically, this interrogatory is seeking information about how or when the Appellate Consideration Board, comprised of people other than Murry and Ussery, communicated their decision to Murry and/or Ussery and the time of that communication.  In the materials provided on August 1, 2018, the University produced documentation which shows notification of the Appellate Consideration Board's initial decision to Murry on September 22, 2018; Murry's objection to such and Murry's re-writing of the opinion several weeks later before providing his own letter to John Doe. However, some communications between Murry and the University's in-house counsel regarding Murry's desired changes have been withheld under the assertion of privilege.  Furthermore, there are no documents in what was produced that indicate how Honey Ussery learned of the remand decision. As such, the Plaintiff requests the University be ordered to answer Interrogatory No. 6 and indicate how and when Ussery learned of the remand and that the University be required to produce the communication between Murry and counsel that specifically addressed the changes to the Appellate Consideration Board's September 22, 2017 letter being requested and considered by Murry.

Interrogatory No. 8: Please identify all actions taken or performed by Tracy Murry in the investigative and disciplinary process of John Doe, including in your response any information and instructions communicated to or by him with the University Judicial Council or Appellate Consideration Board before, during and after the disciplinary hearings involving John Doe.

Response to Interrogatory No. 8: The University objects to this interrogatory as compound. The University further objects to this interrogatory because, when combined with the remainder of Plaintiff's Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this interrogatory because it exceeds the scope of the discovery allowed by the Court's Limited Discovery Order. Specifically,

this Interrogatory is more appropriately directed toward Defendant Murry, who is not subject to discovery at this time.

This interrogatory is seeking whatever information that the University has at this time.  It is expected that the University and/or the Chancellor would have some knowledge of what Murry's role was and can obtain responsive information through documentation or University employees. Furthermore, as the issue of Murry's immunity has been resolved and Murry continues to be a Director for the University, the University should be ordered to respond to this interrogatory.  To the extent the University/Vitter object to this Interrogatory because it requests details or examples, such a request is not a discrete subpart to be separately counted.  *See* Federal Rules Advisory Committee Notes Committee Notes (1993), as amended.

Interrogatory No. 9: Please identify all actions taken by the University and its employees to investigate or otherwise respond to the complaints of bias or improper conduct of any kind with respect to enforcement of Title IX at the University, including the investigation of the allegations of Jane Roe and the threats of violence made against John Doe.

Response to Interrogatory No. 9: The University objects to this interrogatory because, when combined with the remainder of Plaintiffs Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this Interrogatory because it exceeds the scope of the discovery allowed by the Court's Limited Discovery Order. Specifically, the Court's order did not allow discovery related to "enforcement of Title IX at the University" outside of "reasonably accessible Title IX statistical information." The University also objects to this Interrogatory as vague with respect to the investigation of Jane Roe's complaint against John Doe, as the phrase "the complaints of bias or improper conduct" is not sufficiently clear to identify the type of information the interrogatory

seeks. The University further objects to this Interrogatory because it fails to identify the threats of violence made against John Doe and John Doe did not file a complaint regarding such threats of which the University is aware.

Contrary to the University's response, the University was aware of complaints of bias regarding enforcement of Title IX at the University and specifically within the proceedings against John Doe. In a September 22, 2017, letter from the Appellate Consideration Board to Tracy Murry, concerns about the bias were raised.   These concerns were shared with University's Chief legal counsel who informed Plaintiff's counsel of his awareness and the fact that the University was looking into the situation.  Additionally, a student witness also complained of bias by Ussery, to Ussery in the course of the investigation of John Does and at the hearing.  The hearing transcripts include her testimony and copies of her Affidavit have previously been provided in this case.  This Interrogatory seeks information relating to the complaint, the suggestion of bias found by the Appellate Consideration Board in Doe's case and in any other matters for which statistical information exists.  The University would be the party that has this information accessible, unless the University did not respond to these complaints or keep such records.  If the University has never responded to any complaints of bias or improper conduct responsive to this request, the Plaintiff would request verification of such in response to the Interrogatory.

Interrogatory No. 11: Please explain in detail all actions taken or performed by Tracy Murry and Honey Ussery with respect to the training of University Judicial Hearing Council and Appellate Consideration Board members, selection of the hearing panel members, their personal interactions with the University Hearing Council in John Doe's case and their involvement with the University Hearing Council's deliberative process at any and all stages of the proceedings.

Response to Interrogatory No. 11: The University objects to this interrogatory as compound. The University further objects to this interrogatory because, when combined with the remainder of Plaintiffs Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this Interrogatory because it exceeds the scope of the discovery allowed by the Court's Limited Discovery Order. Specifically, this interrogatory calls for a detailed narrative response more appropriately directed toward Defendants Ussery and Murry, who are not subject to discovery at this time, by less burdensome means.

The training and selection process of the panelists who made the determination of Responsible against John Doe and those who determined he should be expelled, directly relate to the issues in this case and fall squarely within the Court's order.  While the Defendant has claimed this interrogatory should be directed towards Ussery and Murry, the Plaintiff is interested in the information that the University and Vitter have. To the extent the University is in the position to detail any actions that were taken or performed by its department heads or other employees that is responsive to this interrogatory, an answer should be provided.  Furthermore, it is significant that Honey Ussery ultimately sign the interrogatory responses for the University/Vitter. As her immunity issue is not pending before the Court at this time and she purports to have firsthand personal knowledge of the responses provided, it should not be overly burdensome for her to assist the University in answering this question.

Interrogatory No. 12: Please identify the number of Title IX cases the University has had in the last five years that involve allegations of student on student sexual misconduct, the gender of the complainants and respondents in these cases, the findings issued in each case (Responsible

or Not Responsible) and the type of sanctions issued. The Plaintiff is not seeking student names or information at this time.

Response to Interrogatory No. 12: The University objects to this interrogatory as compound. The University further objects to this interrogatory because, when combined with the remainder of Plaintiff's Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this Interrogatory to the extent it exceeds the scope of the discovery allowed by the Court's Limited Discovery Order. Specifically, the Court's order only authorized discovery of "reasonably accessible Title IX statistical information."  Without waiving these objections, the University elects to respond to this Interrogatory by producing business records pursuant to FED. R. CIV. P. 33(d), which will be produced upon entry of an appropriate protective order and the provision of requisite notice to affected students. Responsive records will be marked as UM 002292.

In response to the request for statistical information, the Defendants provided ONE single page of information.  There was nothing on this document that revealed any name or identifying information of any student.  During the discovery conference with the Court, the University's counsel acknowledged that the University bi-annually prepares reports which contain a portion of the requested information.  As the request sought information for the last five years and the one-page document that was produced contained references to information from 2014 – 2018, it is believed that the University and/or its counsel are in possession of additional documentation responsive to this request.  It was represented this would be produced, but it wasn't.  As such, the Plaintiff seeks immediate production of the responsive materials.

The Defendants also objected to an inquiry asking for the basis for the determinations made against John Doe, arguing this information did not relate to the investigation or discipline of Doe.

In Interrogatory No. 13, the Plaintiff requested the University/Vitter provide "the specific reasons for the determinations made against John Doe at each stage of the disciplinary proceeding against him, including in your response identification of both inculpatory and exculpatory evidence that was considered and the basis for the sanctions that were issued."

In response, the University stated it "objects to this interrogatory because, when combined with the remainder of Plaintiff's Interrogatories and all their subparts, it exceeds the number of interrogatories allowed by the Court's Limited Discovery Order. The University also objects to this Interrogatory to the extent it exceeds the scope of the discovery allowed by the Court's order of June 29, 2018." Again, the Plaintiff propounded fifteen interrogatories to the university and Chancellor Vitter. These interrogatories did not contain unrelated subparts. Furthermore, the subject matter of this inquiry relates directly to the core of the issue before the Court and falls well within the parameters of the discovery order. It is incredulous that the Defendants claims this interrogatory exceeds the scope of the Court's discovery Order. This is precisely the type of information that is allowed by paragraph 3 of the Order and directly relates to John Doe.

With respect to Interrogatory No. 14, the Plaintiff asked the Defendant to list the number of times in the last five years when the University took disciplinary action against a female for asserting a claim of sexual misconduct that was determined to be unfounded or took disciplinary action against a female for improperly sharing information about an investigation or refusing to comply with the policies of the University during the investigation. The University objected to this interrogatory as exceeding the scope of discovery allowed by the Court's discovery order and claimed that this is not reasonably accessible Title IX statistical information. If the University does not have statistical information responsive to this interrogatory, then Plaintiff requests a

statement saying so.   However, if such statistical information exists, production would be appropriate immediately, pursuant to paragraph 4 of the Court's Order.

In addition to the foregoing concerns about the Defendant's responses to Interrogatories, the Plaintiff also has concerns about some of the Defendant's responses to the First Request for Production of Documents.

Request for Production No. 1: Please produce any written or recorded transcripts (or other recordings in any form) of each disciplinary hearing and/or appeal conducted by the University of Mississippi involving John Doe.

Response to Request for Production No. 1:  The University objects to this request as outside the scope of the Court's Order dated July 2, 2018 [Doc. 69] (the "Court's Limited Discovery Order") to the extent it seeks production of documents related to disciplinary hearings and /or appeals that did not lead to the expulsion of John Doe. Without waiving this objection, the University will produce any written transcripts or recordings of each disciplinary hearing and/or appeal conducted by the University of Mississippi that led to the expulsion of John Doe upon entry of an appropriate protective order and the provision of requisite notice to affected students.

The University did provide transcripts and records; however, the audio recording of the November 2017 hearing did not include all argument and testimony.  Specifically, the recording did not contain the introduction wherein Jane Roe inappropriately discussed the earlier hearing, nor did it include John Doe's objection and one student witness testimony.

Request for Production No. 5: Please produce all documentation in your possession or control that relates to the University's investigation of alleged bias by Honey Ussery with respect to the investigation of Jane Roe's allegations and/or the threats made against John Doe.

Response to Request for Production No. 5: The University objects to this request as outside the scope of the Court's Limited Discovery Order as requesting information not related to the investigation of the subject incident involving John Doe and Jane Roe and not related to any administrative process, proceedings, hearings, or appeals that resulted in John Doe's expulsion from the University. The University further objects to this request because it fails to identify "the alleged bias by Honey Ussery with respect to the investigation of Jane Roe's allegations and/or the threats made against John Doe" and is vague.

In Request for Production No. 5, the Plaintiff asked for all documentation in the University's possession or control that relates to the University's investigation of alleged bias by Honey Ussery with respect to the investigation of Jane Roe's allegations and /or the threats made against John Doe. The Defendants have objected claiming in part that the request is vague. As explained above, the University was put on notice that at least one if not more student witnesses reported that Honey Ussery's investigation of John Doe seemed bias and that Ussery was not responding to threats of violence against John Doe during the course of the investigation. Furthermore, the Appellate Consideration Board found that the presentation by Honey Ussery to the Judicial Council was biased. These complaints relate to the investigation of the allegations made against John Doe and to the disciplinary proceedings involving John Doe. As such, this is a proper request and information responsive to it should be provided. Likewise, if the University did not respond to the complaints of bias that were raised by the student witness and/or others, then a statement to this effect is requested.

Request for Production No. 6: Please produce any communications between Jane Roe and University employees (including Honey Ussery and Tracy Murry) about Roe's actual or expected conduct during the course of the Title IX investigation, her communications with others about the

ongoing investigation, communications with her professors about the investigation, and the consequences of retaliatory actions or threats of physical violence against Doe by Roe or her friends.

Response to Request for Production No. 6: The University objects to this request as being compound and outside the scope of the Court's Order in terms of the requested information and the number of allowed requests. The University further objects to this request as being confusing and vague.

In Request for Production No. 6, the Plaintiff asked for any communications between Jane Roe and University employees (including Honey Ussery and Tracy Murry) about Roe's actual or expected conduct during the course of the Title IX investigation, her communications with others about the ongoing investigation, communications with her professors about the investigation, and the consequences of retaliatory actions or threats of physical violence against Doe by Roe or her friends.  The Defendant objected to the request as being outside the Court's Order and as being confusing and vague.  Specifically, the Plaintiff is asking for any communications, whether by email, letter or other format, between University officials and Jane Roe wherein Roe was advised as to what her expected conduct was during the course of the Title IX investigation.  This request *could* include materials that were provided to Roe regarding whether or not she is allowed to tell her others about the investigation, whether there were any expected actions that Roe should or should not take during the course of the investigation and, any correspondence to Roe about what constituted inappropriate conduct during the course of a Title IX investigation.  This information is relevant to the claims being asserted and directly relates to both the Title IX investigation and the disciplinary proceedings involving John Doe.

Request for Production No. 7: Please produce any statistical reports the University has in its possession or control ( or which can be generated by reasonable means) which quantify the numbers of student on student sexual misconduct complaints raised at the University in the last five years, the gender of the complainants and respondents in these cases, the findings issued in each case (Responsible or Not Responsible) and/or the type of sanctions issued. (At the preliminary stage, the Plaintiff is not seeking student names or information. Plaintiff seeks statistical-type information. If any personal identifier information is on existing reports, it may be redacted.)

Response to Request for Production No. 7: The University objects to this request as outside the scope of the Court's Limited Discovery Order as requesting compound statistical reports that can be generated by reasonable means rather than "reasonably accessible Title IX statistical information." The University further objects to this request on the basis of the work product doctrine. Without waiving such objections, the University will produce reasonably accessible responsive, non-privileged documents. The Clery Act Daily Crime Log maintained by the University is made publicly available on the University Police and Campus Safety web page and at the following web address:

http://alpha.upd.olemiss.edu/WP/ReportCleryDailyCrimeLogByAllModules/ReportView.

In Request for Production No. 7, the Plaintiff asked for any statistical reports the University has in its possession or control (or which can be generated by reasonable means) which quantify the numbers of student on student sexual misconduct complaints raised at the University in the last five years, and Request for Production No. 10 asked for copies of any statistical reports that the University prepared in the last five years which quantified findings of student upon student sexual misconduct. The Defendant objected, in part, to both of these requests on the basis that the requests were outside the Court's discovery Order and sought work product. Without waiving the

objections, the University said it would produce reasonably accessible responsive and non-privileged documents.   The only document that has been provided is a one-page summary document that contained some of the requested information.   However, during the discovery conference with the court, defense counsel acknowledged that responsive reports are prepared bi-annually. The Plaintiff seeks copies of these reports without further delay.

Similarly, <u>Request for Production No. 10:</u> Please produce copies of any statistical reports that the University of Mississippi has prepared in the last five years, whether for internal use or for submission to the Department of Education or other federal or state agency, which quantifies reports of sexual misconduct at the University and/or findings of student upon student sexual misconduct.

Response to Request for Production No. 10: The University objects to this request as outside the scope of the Court's Limited Discovery Order to the extent it requests information beyond "reasonably accessible Title IX statistical information." The University further objects to his request on the basis of the work product doctrine. Without waiving such objections, the University will produce reasonably accessible responsive, non-privileged documents. The Clery Act Daily Crime Log maintained by the University is made publicly available on the University Police and Campus Safety web page and at the following web address:

http://alpha.upd.olemiss.edu/WP/ReportCleryDailyCrimeLogByAllModules/ReportView.

To the extent the University has additional reports responsive to this request, they should be produced as required by the Court's July 2018 Order.

<u>Request for Production No. 13:</u> Please produce all policies, documents and/or training materials which the University provided to any person who sat on any of the hearing panels or

Appellate Consideration Boards involved in the investigation, hearing or any appeals relating to John Doe.

Response to Request for Production No. 13: The University objects to this request as outside the scope of the Court's Limited Discovery Order as requesting information not related to the investigation of the subject incident involving John Doe and Jane Roe and not related to any administrative process, proceedings, hearings, or appeals that resulted in John Doe's expulsion from the University.

Clearly, the documents that were given to the panel members instructing them on how to conduct the hearings *involving John Doe* and advising as to the relevant policies the panel members should follow are applicable to the hearing and had a direct relationship to the proceedings, as well as ultimate decision to expel Doe.

Request for Production No. 14: Please produce all documents and communications among and between Honey Ussery, Tracy Murry and/or the University's Appellate Consideration Board (or any member thereof) regarding John Doe.

Response to Request for Production No. 14: The University objects to the extent the request seeks electronically stored information as outside the scope of the Court's Limited Discovery Order. Without waiving this objection, the University will produce reasonably accessible responsive, non-privileged documents upon entry of an appropriate protective order and the provision of requisite notice to affected students.

At this time, a protective order has been issued, but no responsive documents have been provided. To the extent such documents exist, the Plaintiff requests immediate production.

Request for Production No. 15: To the extent not otherwise produced, please produce all documents and communications generated by, or exchanged among and between any University employee regarding the Title IX investigation, hearing or appeal and relating in any way to John Doe.

Response to Request for Production No. 15: The University objects to the extent the request seeks electronically stored information as outside the scope of the Court's Limited Discovery Order. The University further objects to this request as outside the scope of the Court's Limited Discovery Order as requesting information "relating in any way to John Doe." Without waiving such objections, the University will produce reasonably accessible responsive, non-privileged documents upon entry of an appropriate protective order and the provision of requisite notice to affected students.

To the extent the Defendant objected to Request No. 15 because it seeks ESI, such objection is without merit. Nowhere in the Court's Order is electronic information excluded. Furthermore, the Defendant propounded request for electronic information to the Plaintiff. The Plaintiff agrees to limit this request to any information relating to John Doe that falls under the scope of paragraphs 3 and 4 of the Court's Order but continues to seek (and is entitled to) electronic information responsive to this request.

This Court clearly set forth parameters of permissible discovery in its July 2, 2018, Order and has already addressed its expectations regarding the production of certain materials no later than August 1, 2018, with counsel. Despite this, the University has continued to withhold and delay the production of certain materials responsive to appropriately tailored requests. The University has withheld statistical information as well as any substantive responses relating to the Title IX Coordinator and the Director of Student Conduct's activities, despite requests relating

directly to the investigation and discipline of John Doe. Good faith attempts to resolve these disputes have been attempted since July 18, 2018, and further delay will limit the Plaintiff's access to information for use at the upcoming preliminary injunction hearing.  Accordingly, the Plaintiff requests an Order compelling the University and Chancellor Vitter, in his official capacity, to immediately produce documents and substantive responses to the inquiries detailed above.

RESPECTFULLY SUBMITTED, this, the 6th day of August, 2018.

Respectfully submitted,
**JOHN DOE**

*/s/ Michelle T. High*
Michelle T. High

J. Lawson Hester (MSB # 2394)
lhester@pbhfirm.com
Michelle T. High (MSB #100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

**CERTIFICATE OF SERVICE**

I, Michelle T. High hereby certify that I have this day filed the foregoing document

electronically with the U.S. District Court, Southern District of Mississippi Clerk of Court's

PACER/ECF system which gives electronic notice to the following:

> J. Cal Mayo, Jr.
> cmayo@mayomallette.com
> Paul B. Watkins, Jr.
> pwatkins@mayomallette.com
> J. Andrew Mauldin
> dmauldin@mayomallette.com
> Mayo Mallette PLLC
> P.O. Box 1456
> Oxford, Mississippi 38655
> **COUNSEL FOR DEFENDANTS**

SO CERTIFIED, this the 6th day of August, 2018.

> > */s/ Michelle T. High*
> > Michelle T. High