IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN DOE**                                                                                       **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 3:18-CV-63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI, ET AL.**                              **DEFENDANTS**

## DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO COMPEL ATTENDANCE OF CHANCELLOR JEFFREY S. VITTER

Without citing a Federal Rule of Civil Procedure or any other applicable authority, Plaintiff asks this Court to compel Chancellor Jeffrey S. Vitter to appear at the preliminary injunction hearing to be held in Jackson, Mississippi, on August 14. This Court should deny the Motion because: 1) Plaintiff's request exceeds the scope of the Court's power to compel attendance under the Federal Rules of Civil Procedure, 2) Chancellor Vitter's attendance is unnecessary to the issues before the Court, and 3) compelling Chancellor Vitter to attend the hearing would impose an undue burden.

1. *Plaintiff's Request Exceeds the Court's authority under the Federal Rules of Civil Procedure.*

Federal Rule of Civil Procedure 45 prescribes the limits of a district court's power to compel the attendance of parties and non-parties.[1] A subpoena issued or served in non-

---

[1] *See Smart Skins v. Microsoft*, 2015 U.S. Dist. LEXIS 42615, *24 (S.D.N.Y. Mar. 27, 2015) (stating that non-officer employee could not be compelled to testify because he did not qualify under Rule 45); *see also Maryland Marine Inc. v. United States*, 2008 U.S. Dist. LEXIS 56042, *15 (S.D. Tex. Jul. 23, 2008) (noting, before 2013 amendments to Rule 45, "[t]o compel a person to attend trial, the person must be served with a subpoena in one of the places listed in Rule 45(b)(2) and not be subject to protection in Rule 45(c)(3)(A)(ii)); *see also Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 221 (E.D. La. 2008) (observing before 1991 amendments, "courts recognized not only that they did not have the power to compel the presence of witnesses who lived beyond the 100-mile bulge or outside of the state in which they sat, but also that service of a subpoena had to [be] made in accordance with the terms of Rule 45(e) to be valid.").

conformity with Rule 45 is defective not merely because it does not comply with the procedural requirements of Rule 45, but because it exceeds the underlying authority of the court itself.[2] A court should not compel attendance through a subpoena outside the strictures of Rule 45 because it lacks such power and such an exercise of authority conflicts with the Federal Rules of Civil Procedure.[3]

Under Federal Rule of Civil Procedure 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person, and if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." The language of Rule 45 is mandatory, and the Fifth Circuit has read the personal service requirement strictly, holding that service on a party's attorney is insufficient.[4]

Plaintiff asks the Court to set aside the requirements of the Federal Rules of Civil Procedure because Chancellor Vitter "is scheduled to be out of town until the first day of the preliminary injunction hearing" and "defense counsel will not agree to have him present . . . ."[5] While Plaintiff casts aspersions, his real complaint is that the Chancellor has not altered his previously scheduled plans and has declined to waive the service requirements imposed by the Federal Rules of Civil Procedure. The Chancellor is currently out of town, and will be until

---

[2] *See Defenseshield Inc. v. First Choice Armor & Equip.*, 2012 U.S. Dist. LEXIS 44276, *42 (N.D.N.Y. Mar. 29, 2012) ("Rule 45 of the Federal Rules of Civil Procedure **limits a district court's power** to subpoena a witness . . .") (emphasis added).
[3] *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Ala. 2009) ("The Court cannot compel persons, whether or not 'parties' or officers of Tyson, to appear in court when they have not been properly served with a trial subpoena."); *see also Mazloum v. D.C. Metro. Police Dep't*, 248 F.R.D. 725, 728 (D.D.C. 2008) (stating, although one court had suggested courts possess power to compel appearance outside the Federal Rules of Civil Procedure, it was "not inclined to exercise its inherent power in a manner that would conflict with the structure and the terms of the Federal Rules of Civil Procedure.").
[4] *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).
[5] Pl.'s Mtn., p. 3 [Doc. 81].

August 13, 2018.[6] The Chancellor has not left town to evade service as Plaintiff seems eager to imply, but is instead travelling for both business and personal reasons.[7] Because Plaintiff did not serve the Chancellor in accordance with Rule 45, this Court lacks the authority to compel his attendance at the hearing.

   2. ***Chancellor Vitter's attendance is immaterial to the issues before the Court.***

This Court preliminarily dismissed all of Plaintiff's claims except "(1) the Title IX claims against the University; IHL; the Board of Trustees of the IHL; the State of Mississippi; and the Chancellor, IHL Commissioner, and IHL Board Members in their official capacities, and (2) the due-process claim against Chancellor Vitter under *Ex parte Young* based on the allegations related to the standard of proof and Ussery's investigation, report, and training materials."[8] Plaintiff expresses indignity about being asked what relevance the Chancellor's potential testimony would have on the issues before the Court, but he remains unable to articulate a cogent explanation supporting such necessity.

The Chancellor is a party to these proceedings solely in his official capacity. In his Amended Complaint, Plaintiff's only reference to the Chancellor concerns his request for prospective injunctive and declaratory relief.[9] The Amended Complaint contains no allegations suggesting the Chancellor had any role in the investigation or disciplinary process involving John Doe. Plaintiff's preliminary injunction motion papers do not include a single reference to the Chancellor.

In support of Plaintiff's contention that the Chancellor has particular knowledge regarding the dispute, Plaintiff quotes a news article discussing the Chancellor's involvement

---

[6] See Ex. "A" to Resp. (Declaration of J. Vitter).
[7] *Id.*
[8] Order, p. 23 [Doc. 75].
[9] Am. Compl. ¶¶ 31-32 [Doc. 26].

with a Title IX committee *while he served as the provost at the University of Kansas*, and public statements the Chancellor issued regarding the importance of Title IX and sexual assault prevention. Contrary to Plaintiff's assertion, the Chancellor's knowledge regarding the University's Title IX policies and procedures is inapposite to establishing "governmental liability" for his Title IX claim. Plaintiff is not pressing a *Monell* claim (nor could he), and the Chancellor's role as a "final policymaker" is inapposite to the proceedings.

The Chancellor's testimony is not material to Plaintiff's due process claims because the Chancellor has no personal knowledge regarding the Title IX proceedings that led to the expulsion of John Doe.[10] The Court has dismissed all due process claims except those relating to the preponderance of the evidence standard and Ussery's investigation, report, and training materials. Finally, the Chancellor's ability to order reinstatement of John Doe should the Court enjoin him in his official capacity is not disputed.

The Chancellor's appearance is immaterial and unnecessary for the preliminary injunction hearing.

### 3. Compelling the Chancellor's attendance would impose an undue burden.

Generally, "high public officials 'should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."[11] And even in the context of a mere deposition, "[w]hen a party seeks to depose high-level decision makers who are removed

---

[10] See Ex. "A" to Resp. (Declaration of J. Vitter).
[11] *Green v. Baca*, 226 F.R.D. 624, 649 (C.D. Cal. 2005) (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993); *see also Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition . . .").

from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute."[12]

The State of Mississippi's public universities are part of the executive branch of the State of Mississippi's government.[13] The Chancellor is the chief executive officer of the University, and is thus a high-level public official.[14]

Here, as already discussed, the Chancellor has no personal knowledge regarding the Title IX proceedings that led to the expulsion of John Doe. On the other hand, compelling his attendance will necessarily interfere with his official duties as Chancellor and will disrupt the operations of the University at a critical juncture, right before the academic year.[15] Plaintiff has failed to demonstrate that the Chancellor has unique personal knowledge regarding the dispute, and compelling his attendance would unnecessarily interfere with the Chancellor's ability to effectively carry out his duties as Chancellor immediately prior to the start of the academic year.

*Conclusion*

Plaintiff carries the burden on this motion to compel, but has cited absolutely no authority in support of his arguments. Plaintiff's request to compel the Chancellor's attendance conflicts with the Federal Rules of Civil Procedure, is unnecessary for the issues to be addressed at the

---

[12] *Lossia v. Detroit Bd. of Educ.*, 2012 U.S. Dist. LEXIS 121661, *3 (E.D. Mich. Aug. 20, 2012) (quoting *Devlin v. Chemed Corp.*, 2005 U.S. Dist. LEXIS 46853, 2005 WL 2313859 (E.D. Mich. 2005) (citing *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *Thomas v. International Business Machines*, 48 F.3d 478, 483-84 (10th Cir. 1995)); *see also Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (upholding denial of plaintiff's request to depose high-ranking officer where there was no showing that individual was involved in termination at issue*); Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (upholding district court's exercise of discretion in granting protective order barring plaintiffs from deposing their employer's chief executive officer, who lacked personal knowledge of relevant facts).
[13] *Smith v. Univ. of Mississippi*, 797 So.2d 956, 960 (Miss. 2001).
[14] *See Harris v. Miss. Valley St. Univ.*, 873 So.2d 970, 988 (Miss. 2004).
[15] See Ex. "A" to Resp. (Declaration of J. Vitter).

preliminary injunction hearing, would impose an undue burden on the University and the Chancellor. The Court should deny Plaintiff's Motion to Compel the Attendance of Chancellor Jeffery S. Vitter.

This, the 8th day of August, 2018.

        Respectfully submitted,

        **THE UNIVERSITY OF MISSISSIPPI AND CHANCELLOR JEFFREY S. VITTER, IN HIS OFFICIAL CAPACITY**

        /s/ J. Cal Mayo, Jr.
        J. CAL MAYO, JR. (MB NO. 8492)
        PAUL B. WATKINS, JR. (MB NO. 102348)
        J. ANDREW MAULDIN (MB NO. 104227)
        ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com

## CERTIFICATE OF SERVICE

I, J. Cal Mayo, Jr., one of the attorneys for Defendants, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record.

THIS, the 8th day of August, 2018.

                                                       */s/J. Cal Mayo, Jr.*
                                                       J. CAL MAYO, JR.