IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN DOE**                                                            **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 3:18-CV-63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI, ET AL.**                    **DEFENDANTS**

**URGENT AND NECESSITOUS**
**MOTION TO QUASH WITNESS SUBPOENAS [DOCS. 83 and 84]**

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Defendant University of Mississippi (the "University"), along with non-parties Honey Ussery and Tracy Murry (the University, Murry, and Ussery collectively "Movants"), move the Court to quash the Subpoenas to Appear and Testify at a Hearing or Trial served by Plaintiff [Docs. 83 and 84]. In support, Movants state as follows:

1. Rule 45(c)(1)(A) provides that for a trial, hearing, or deposition, a subpoena may command a person to attend a trial, hearing, or deposition <u>only</u>: a) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or b) within the state where the person resides, is employed, or regularly transacts business in person *if the person is a party or party's officer*.

2. Rule 45(d)(3)(A) mandates the court for the district where compliance is required <u>must</u> quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c).

3. Accordingly, district courts quashed subpoenas served on non-officer employees who live more than 100 miles from where testimony is to be given. *See,* e.g., *Cottrell v. Costco*

*Wholesale Corp.*, 2012 U.S. Dist. LEXIS 123969, *6 (D. Minn. Aug. 31, 2012); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009) ("[S]ubpoenas served on individual employees who are not corporate officers, and who reside outside the geographic scope of Rule 45, must be quashed.").

4. Moreover, the courts have recognized defendant employers have standing to challenge subpoenas issued to their non-party employees. *See*, e.g., *Parker v. Four Seasons Hotels*, Ltd., 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("Because Plaintiff seeks to get Defendant's business records from one of its own employees, the Court finds that Defendant has standing to object . . ."); *Walton v. BMO Harris Bank*, 2017 U.S. Dist. LEXIS 200317, *2 (N.D. Ind. Dec. 5, 2017).

5. Tracy Murry is a non-officer employee of the University.[1] Murry resides, is employed, and regularly transacts business in person in Lafayette County, Mississippi.[2] All of Plaintiff's claims against Murry were dismissed pursuant to the Court's Order dated July 24, 2017, and he is not a party to this action.[3] The subpoena served on Murry commands him to appear at the United States District Court located at 501 East Court Street, Jackson, Mississippi on August 14, 2018.[4] Lafayette County is in excess of 150 miles from Jackson, Mississippi.[5]

6. Honey Ussery is a non-officer employee of the University.[6] Ussery resides, lives, and regularly transacts business in person in Lafayette County, Mississippi.[7] All of Plaintiff's claims against Ussery were dismissed pursuant to the Court's Order dated July 24, 2017, and she

---

[1] Ex. "A" (Declaration of T. Murry); Ex. "C" (University Chief Executive Officers Policy).
[2] *Id*.
[3] Order, p. 22 [Doc. 75].
[4] Subpoena [Doc. 83].
[5] Ex. "D" (Approximate Mileage Calculation).
[6] Ex. "B" (Declaration of H. Ussery); Ex. "C" (University Chief Executive Officers Policy).
[7] *Id*.

is not a party to this action.[8] The subpoena served on Ussery commands her to appear at the United States District Court located at 501 East Court Street, Jackson, Mississippi on August 14, 2018. Lafayette County is in excess of 150 miles from Jackson, Mississippi.[9]

7. The subpoenas served on both Murry and Ussery exceed the geographical restrictions of Rule 45, and the Court should quash them.

8. In support of their Motion, Movants rely on the pleadings and papers filed of record in this matter, as well as the following exhibits:

Exhibit "A"  Declaration of Tracy Murry;

Exhibit "B"  Declaration of Honey Ussery;

Exhibit "C"  University Chief Executive Officers Policy; and

Exhibit "D"  Approximate Mileage Calculation.

9. In light of the straight-forward nature of the present motion, Movants request that the Court relieve them of the requirement of filing a separate memorandum brief in support.

10. Because the subpoenas command Ussery and Murry to attend and testify on August 14, 2018, Movants ask the Court to set an expedited briefing schedule and treat their Motion as an urgent and necessitous request for relief.

FOR THESE REASONS, Movants ask this Court to quash the Subpoenas to Appear and Testify at a Hearing or Trial served outside the geographical restrictions of Rule 45. Movants ask for any other appropriate relief.

This, the 8th day of August, 2018.

---

[8] Order, p. 22 [Doc. 75].
[9] Ex. "D" (Approximate Mileage Calculation).

Respectfully submitted,

**DEFENDANT UNIVERSITY OF MISSISSIPPI AND NON-PARTIES HONEY USSERY AND TRACY MURRY**


 _/s/ J. Cal Mayo, Jr._
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANT UNIVERSITY OF MISSISSIPPI AND NON-PARTIES HONEY USSERY AND TRACY MURRY

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com

**CERTIFICATE OF SERVICE**

I, J. Cal Mayo, Jr., one of the attorneys for Defendant University of Mississippi and Non-Parties Honey Ussery and Tracy Murry, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record.

THIS, the 8th day of August, 2018.

                                                              */s/ J. Cal Mayo, Jr.*