**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOE** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO.: 3:18CV63-DPJ-FKB** |
| **STATE OF MISSISSIPPI; ET AL.** | **DEFENDANTS** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION TO QUASH WITNESS SUBPOENAS**

Plaintiff, John Doe, by and through undersigned counsel, submits his Response in Opposition to the Motion to Quash witness subpoenas filed by the University of Mississippi, Honey Ussery, and Tracy Murry on August 8, 2018. In opposition to the Motion to Quash, the Plaintiff would show the Court as follows:

1. On July 31, 2018, Honey Ussery and Tracy Murry were duly served with subpoenas (and mileage/appearance fee checks) for the August 14th - 15th, 2018 hearing on Plaintiff's Motion for Preliminary Injunction. [Docs. 83 and 84]

On the evening of Wednesday, August 8, 2018, the University of Mississippi, Honey Ussery and Tracy Murry, filed a Motion to Quash the subpoenas that were served on Ussery and Murry more than a week earlier. [Doc. 95] The crux of the Motion to Quash is that both Ussery and Murry are non-officer employees of the University of Mississippi, who reside and are employed in Lafayette County, Mississippi, and that they should not be required to drive approximately 150 miles to Jackson, Mississippi to attend the preliminary injunction hearing set in this matter. The arguments made in support of the motion are without merit and another in the continuing effort to delay the return of the Plaintiff to the classroom. The movants and Chancellor Vitter have taken conflicting positions with respect to Ussery and Murry's roles, authority and scope of knowledge

in this case, so as to avoid having to provide discovery responses or having to appear at the evidentiary hearing. Ussery and Murry are known to have information relevant to the issues being addressed by the Court in deciding the preliminary injunction motion and were properly served in accordance with Fed.R.Civ.P. 45.

With respect to the service of subpoena for a trial, hearing or deposition, Fed. R. Civ. P. 45(c)(1) states:

> (1) A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) Within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) Within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

*Fed. R. Civ. P. 45.* Herein, the service of subpoenas upon Ussery and Murry was proper under either subsection of Rule 45 (c)(1).

2. It is not disputed that Ussery and Murry reside in Lafayette County, Mississippi. However, both are employed by the University of Mississippi, and responsible for programs and services that relate to all students at the University's various statewide campuses. While the movants suggest they work for an employer in Lafayette County, they neglect to consider the fact that the University of Mississippi's academic health sciences campus has a significant presence (and student population) *less than five miles* from the federal courthouse where the hearing will occur. *See Exhibits "A" and "B".* The University of Mississippi is not simply an Oxford employer, nor are Ussery and Murry's job duties and regularly business transactions limited to Lafayette County. The subpoenas to attend the preliminary injunction hearing at the courthouse in Jackson are appropriate pursuant Fed. R. Civ. P. 45 (c)(1)(A).

3. Additionally, and alternatively, the subpoenas commanding Ussery and Murry to appear for the preliminary injunction hearing in Jackson are also valid pursuant to Fed. R.Civ. P. 45 (c)(1)(B). Assuming *arguendo*, that Fed. R. Civ. P. 45 (c)(1)(A) was found to be inapplicable, under Fed. R. Civ. P. 45 (c)(1)(B) Ussery and Murry can be commanded to attend a trial, hearing or deposition anywhere within the state of Mississippi if they are a party or a party's officer or they are being commanded to attend a trial and would not incur substantial expense. *See Fed. R.Civ. P. 45 (c)(1)(B)(i) and (ii).*

While counsel could not locate any Fifth Circuit case law that specifically addresses who constitutes an "officer" of a state university are for Rule 45 purposes, the roles and responsibilities Ussery and Murry are tantamount to positions as officers. Ussery is the University's Title IX Coordinator; Murry is the Director of Conflict Resolution and Student Conduct. The University has repeatedly held Ussery and Murry out as being the two individuals who have the capability to speak about the matters in issue in this case, presumably through their official roles with the University.

When the Court considered the scope of preliminary discovery in this matter, the Plaintiff specifically requested to take limited depositions of the University, Ussery and Murry, which was opposed by the University and denied by the Court. However, the Plaintiff was permitted to propound written discovery to the University and Chancellor Vitter regarding the investigation of the subject incident involving John Doe and Jane Roe and any administrative proceedings, hearings or appeals that resulted in John Doe's expulsion from the University, as well as reasonably accessible Title IX statistical information from the University. [Doc. 69] The Plaintiff did so. [Docs. 67 and 68] When the University and Vitter submitted their discovery responses, they repeatedly indicated that the requests for information about these subject matters were more

appropriately directed to Ussery and Murry. [Docs. 85 and 86] When the University and Vitter ultimately did produce signed interrogatory responses, *both the University and Vitter designated Honey Ussery sign on their behalf. See Exhibit "C"*.

4. The oath that was provided on behalf of the University of Mississippi and Chancellor Vitter states that, "Honey B. Ussery, after being duly sworn, states under oath that she is authorized to make the above defendant's responses to the plaintiff's first set of interrogatories, that the responses are based either upon her personal knowledge or the information obtained from records maintained in the ordinary course of business, and that the responses are true and correct to the best of her knowledge, information and belief." *See Exhibit "C"*.

According to Federal Rule of Civil Procedure 33(b)(1), interrogatories must be answered by: (A) the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association or a governmental agency, by any officer or agent, who must furnish the information available to the party. *See Fed.R.Civ. P. 33 (b)(1).* By allowing Honey Ussery to execute these responses on their behalf, the University and Chancellor Vitter, in his official capacity, have authorized Ussery to speak on their behalf. The Defendants should not be allowed to espouse contradictory positions relative to the status and authority of Ussery as a University official.

To the extent the University has identified Murry as someone who should be answering the questions proposed to it in the written discovery, suggests an acknowledgment that Murry is considered, in his role as a Director and for practical purposes, to also be an officer. The University should not be permitted to simultaneously hold Ussery out as an officer for purposes of responding to discovery and then move to quash her subpoena under the argument that she is not an officer. Likewise, the University should not be able to hide behind the notion that Murry is the person to

whom inquiries must be made because he has the responsibility for determinations relating to student discipline, then argue Murry is not an officer of the University for purposes of accepting a Rule 45 subpoena. Both Ussery and Murry should be commanded to attend the preliminary injunction hearing under Federal Rule of Civil Procedure 45(c)(1)(B)(i).

5. Furthermore, in addition to the fact that the subpoenas for Honey Ussery and Tracy Murry are valid and enforceable under Federal Rule of Civil Procedure 45(c)(1)(A) and (B)(i), the subpoenas should also be upheld as valid pursuant to Federal Rule of Civil Procedure 45(c)(1)(B)(ii).

Fed. R. Civ. P. 45(c)(1)(B)(ii) allows for a subpoena commanding a person to attend a trial in the state where the person resides, is employed, or regularly transacts business in person if they would not incur substantial expense. While the upcoming hearing is not a trial on the merits, pursuant to Rule 65(a)(2), evidence that is received on a motion for preliminary injunction becomes a part of the trial record. *See Fed. R. Civ. P. 65 (a).* As such, the preliminary injunction hearing in this matter is tantamount to a trial on the preliminary injunction issue. Neither Ussery or Murry would incur a substantial expense by driving to Jackson. Mileage checks have already been provided to both of them. Furthermore, neither officer of the University has made an assertion that they would be subject to loss of wages. As noted above, the courthouse where the hearing is to occur is less than five miles from their employer's Jackson campus where they both have responsibilities and conduct business. Whether the Court analyzes the validity of the subpoenas issued to Honey Ussery and Tracy Murry under Rule 45(c)(1)(A), (c)(1)(B)(i) or (c)(1)(B)(ii), the subpoenas are valid.

In essence, the Motion to Quash appears to be another attempt to delay the proceedings in this matter long enough to prevent the Plaintiff from being able to obtain substantive information

in advance of, or at, the preliminary injunction hearing, so as to preclude him from having the opportunity to return to classes fall semester. The day the Order was issued setting this matter for hearing, Chancellor Vitter left town for more than two weeks. [Docs. 81, 82] When Plaintiff's counsel inquired as to whether defense counsel would accept the service of a subpoena for Vitter on their client's behalf, would agree that Vitter would be available to accept service on August 14, for an appearance on August 15, or if defense counsel could represent that their client would appear at the hearing without the need for a subpoena. *Id.* Each of these requests were denied. *Id.* Furthermore, Plaintiff's counsel offered to take an evidentiary hearing deposition of Vitter at the location of his choosing, so he would not need to attend the hearing. *Id.* This request was also denied. *Id.* Subsequently, the University, Ussery and Murry filed their Motion to Quash the subpoenas that were issued to them. Plaintiff then attempted to serve a subpoena on Brandi LaBanc, the Vice Chancellor for Student Affairs, and the process server was told by La Banc's assistant that LaBanc would be away from the office until sometime next week (the week of the hearing).

For these reasons, the Plaintiff respectfully requests the Court deny the Motion to Quash the subpoenas served upon Honey Ussery and Tracy Murry on July 31, 2018. Alternatively, if the Court sustains the Motion to Quash, the Plaintiff requests that the hearing on the preliminary injunction and any ruling upon the motion be postponed until depositions of Ussery, Murry and Vitter can be taken for use at the hearing.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Movants' Motion to Quash the subpoenas of Honey Ussery and Tracy Murry are denied in the entirety. The Plaintiff requests any further remedy the Court believes is appropriate.

RESPECTFULLY SUBMITTED, this, the 9th day of August, 2018.

Respectfully submitted,
**JOHN DOE**

*/s/ Michelle T. High*
Michelle T. High

J. Lawson Hester (MSB # 2394)
lhester@pbhfirm.com
Michelle T. High (MSB #100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

**CERTIFICATE OF SERVICE**

I, Michelle T. High hereby certify that I have this day filed the foregoing document electronically with the U.S. District Court, Southern District of Mississippi Clerk of Court's PACER/ECF system which gives electronic notice to the following:

J. Cal Mayo, Jr.
cmayo@mayomallette.com
Paul B. Watkins, Jr.
pwatkins@mayomallette.com
J. Andrew Mauldin
dmauldin@mayomallette.com
Mayo Mallette PLLC
P.O. Box 1456
Oxford, Mississippi 38655
**COUNSEL FOR DEFENDANTS**

SO CERTIFIED, this the 9th day of August, 2018.

*/s/ Michelle T. High*
Michelle T. High