IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN DOE**                                                                                          **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO.: 3:18CV63-DPJ-FKB**

**STATE OF MISSISSIPPI; ET AL.**                                                      **DEFENDANTS**

**PLAINTIFF'S REPLY TO RESPONSE TO MOTION TO COMPEL
ATTENDANCE OF DEFENDANT VITTER**

On August 3, 2018, the Plaintiff filed a Motion to Compel Defendant Jeffrey S. Vitter, Chancellor of the University of Mississippi, to attend the August 14 – 15, 2018, preliminary injunction hearing in this matter. [Doc. 81] This motion is opposed by Vitter. [Doc. 92] Vitter has indicated that he has no personal knowledge of the issues in question, he has been on an extended travel leave since the day the Court set the hearing and will not be returning until the day before the hearing, and he is very busy upon his return. *Id.* Vitter is a named party in this suit and should be compelled to appear.

At issue in this case is the denial of procedural due process afforded to the Plaintiff by the University of Mississippi and its officers, as well as allegations of Title IX violations. When the Plaintiff moved the Court for preliminary discovery in this matter, he specifically requested to take limited depositions of the University of Mississippi, Honey Ussery and Tracy Murry. [Doc. 60] The request was opposed and denied by the Court. [Docs. 64, 69] However, the Plaintiff was permitted to propound written discovery to the University and its Chancellor regarding the investigation of the subject incident involving John Doe and Jane Roe and any administrative proceedings, hearings or appeals that resulted in John Doe's expulsion from the University, as well

as reasonably accessible Title IX statistical information from the University. [Doc. 69] The Plaintiff did so. [Docs. 67, 68]

When the University and Vitter submitted their interrogatory responses, they objected to providing numerous responses on the basis that the requests for information should be directed to Honey Ussery, the University's Title IX Coordinator, and Tracy Murry, the University's Director of Conflict Resolution and Student Conduct. [Docs. 85, 86] The University and Vitter further asserted that because Ussery and Murry were not subject to the preliminary discovery, the University and Vitter did not need to respond. Information maintained by the University, known by the Chancellor and/or related to the programs and actions of the University officers was not provided. Although Ussery and Murry have since been dismissed, no further supplementation to these responses has been received.[1] Ironically, the University and Vitter, in his official capacity, had Ussery sign the interrogatory responses in question on behalf of both Defendants. [Doc. 96-3] The University and Ussery have now moved to quash the subpoena issued to her attendance at the preliminary injunction hearing. [Doc. 95] Tracy Murry, the has done the same. *Id.*

While Defendant Vitter purports to have no knowledge of or involvement in the Title IX investigation and disciplinary proceedings resulting in the expulsion of John Doe, this should not negate his responsibilities to attend the hearing. Vitter is a party to this suit in his official capacity as the Chancellor of the University of Mississippi. As raised in the Plaintiff's initial motion, Vitter has duties and responsibilities over policy development and the actions taken against students.

---

[1] A discovery conference was held with the Court on July 18, 2018, and a motion to compel was filed on August 6, 2018. The Court determined that Plaintiff's motion to compel [85] would not be treated as "urgent and necessitous" under L.U.Civ.R. 7(b)(8), since there is insufficient time before the August 14, 2018, preliminary injunction hearing for the parties to fully brief the motion, the Court to issue an order, and the parties to comply with the order. The matter will be addressed after the preliminary injunction hearing.

While Defendant Vitter asserts that he has a full schedule and this time of year is a pivotal and important time for the University, the August 14-15, 2018, hearing dates were agreed to by counsel and discussed with the Court in advance of the setting.  Furthermore, the notion that Vitter would have to "disengage" from the essential functions of his responsibilities to attend the hearing is weakened considerably by the fact he has been on a seventeen-day travel leave and the proceedings for which his attendance is sought relate directly to a lawsuit against his employer.

WHEREFORE, premises considered, the Plaintiff respectfully requests this Court grant his Motion to Compel and Order Defendant Jeffrey S. Vitter, as Chancellor of the University of Mississippi, to appear for the preliminary injunction hearing on either August 14 and/or 15, 2018. The Plaintiff requests any additional relief the Court believes is appropriate.

RESPECTFULLY SUBMITTED, this, the 10th day of August 2018.

> Respectfully submitted,
> **JOHN DOE**
>
> */s/ Michelle T. High*
> Michelle T. High

J. Lawson Hester (MSB # 2394)
lhester@pbhfirm.com
Michelle T. High (MSB #100663)
mhigh@pbhfirm.com
Pettis, Barfield & Hester, P.A.
4450 Old Canton Road, Suite 210
Jackson, Mississippi 39211
P.O. Box 16089
Jackson, Mississippi 39236-6089
Telephone: 601-987-5300
Facsimile: 601-987-5353

## **CERTIFICATE OF SERVICE**

I, Michelle T. High hereby certify that I have this day filed the foregoing document electronically with the U.S. District Court, Southern District of Mississippi Clerk of Court's PACER/ECF system which gives electronic notice to the following:

J. Cal Mayo, Jr.
cmayo@mayomallette.com
Paul B. Watkins, Jr.
pwatkins@mayomallette.com
J. Andrew Mauldin
dmauldin@mayomallette.com
Mayo Mallette PLLC
P.O. Box 1456
Oxford, Mississippi 38655
**COUNSEL FOR DEFENDANTS**

SO CERTIFIED, this the 10th day of August 2018.

*/s/ Michelle T. High*
Michelle T. High