**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOHN DOE** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:18-CV-63-DPJ-FKB**

**THE UNIVERSITY OF MISSISSIPPI, ET AL.** **DEFENDANTS**

**MOVANTS' REBUTTAL IN SUPPORT OF**
**MOTION TO QUASH WITNESS SUBPOENAS [DOCS. 83 and 84]**

This Court should grant Movants' Motion to Quash because: 1) Murry and Ussery are not employed in Jackson, Mississippi and do not conduct regularly transact business in person there, 2) Murry and Ussery are agents of the University but not officers, 3) a preliminary injunction hearing is not a trial, and 4) Plaintiff's own strategic decisions have led to his newly-perceived dilemma.

1. ***Murry and Ussery are not employed in Jackson.***

The University has a *medical* campus in Jackson, Mississippi, but Rule 45 imposes geographical limits based on the location of the *person* served, not the *person's employer*.[1] Contrary to Plaintiff's unsupported fact assertion, neither Murry nor Ussery work from or transact business in person at the University of Mississippi Medical Center in Jackson, Mississippi.[2]

Movants' Motion to Quash is not based on how far Murry and Ussery should or should not be required to drive, but the mandatory language of Rule 45 and the geographic restrictions imposed. Under Rule 45, a court cannot compel a non-party who is not a party's officer to attend

[1] Fed. R. Civ. P. 45(c).
[2] See Ex. "A" (Decl. of T. Murry); Ex. "B" (Decl. of H. Ussery).

a hearing when the hearing will not be held within 100 miles of where the person resides, is employed, or regularly transacts business in person. Neither Murry nor Ussery reside, are employed, or regularly transact business in person within 100 miles of Jackson, Mississippi. The Court should quash the subpoenas as requested.

2. ***Murry and Ussery are agents but not officers.***

Under a novel theory, Plaintiff contends any agent of a party should be construed an officer for purposes of Rule 45. Plaintiff relies on Rule 33(b)(1) in support, but that Rule actually emphasizes the distinction Plaintiff implores the Court to overlook. Under Rule 33(b)(1)(B), interrogatories may be answered by "***any officer or agent***." Likewise, but equally unavailing for Plaintiff, Rule 37(d) references "***a party or a party's officer, director, or managing agent***." The distinction between officers, agents, directors, and managing agents under the Federal Rules does not support Plaintiff's contention any agent is an officer for purposes of Rule 45, but actually underscores, consistent with the text of Rule 45, only officers are officers. Accordingly, other district courts have refused to "classify non-officer employees as 'parties' for purposes of evading the clear language" of Rule 45.[3]

Here, neither Murry nor Ussery are officers of the University.[4] Murry directly supervises four staff members, while Ussery supervises only one.[5] Murry reports to the Assistant Vice Chancellor-Dean of Students, and Ussery reports to the Director of Equal Opportunity and Regulatory Compliance.[6] They are not officers of the University.

[3] *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co*., 262 F.R.D. 293, 302 (S.D.N.Y. 2009).
[4] Ex. "A" (Decl. of T. Murry) and Ex. "B" (Decl. of H. Ussery).
[5] *Id*.
[6] *Id*.

3. ***A preliminary injunction hearing is not a trial.***

When arguing qualified immunity and Eleventh Amendment immunity did not shield the initially-named Defendants from the burdens of a preliminary injunction hearing, Plaintiff repeatedly contended that a preliminary injunction hearing was not a merits-based proceeding and was instead designed only "to consider the situation to be litigated and provide certain injunctive relief until the issues in dispute are resolved on the merits."[7] Now, Plaintiff argues a preliminary injunction hearing is "tantamount" to a full-blown trial and should be considered a trial under Rule 45.[8]

However, the plain text of the Rule again belies Plaintiff's argument. Rule 45 consistently differentiates between depositions, hearings, and trials. Rule 45(c)(1)(B)(ii) provides a special exception for trials, but not hearings "tantamount to trials." As Plaintiff has previously pointed out, the preliminary injunction hearing will not result in a final judgement like an actual trial would. The fact the Rules provide more compulsive process for proceedings that end in a final judgment is not peculiar, and the Court should enforce Rule 45 as written.

4. ***Plaintiff's strategic decisions have led to his perceived dilemma.***

Plaintiff's claims arise entirely from his enrollment at the main campus of the University, located in Lafayette County. Lafayette County is within the federal judicial district for the Northern District of Mississippi, and the Oxford Division courthouse is also located there. Nonetheless, Plaintiff opted to file this action in the Northern Division of the Southern District of Mississippi because the University has "multiple additional campuses [] situated throughout Mississippi, including in Jackson, Mississippi."[9]

---

[7] Pl.'s Brf in Supp. of R. 72 Obj. p. 3 [Doc. 52]; see also Pl.'s Brf. in Supp. of Mtn. to Reconsider p. 3 [Doc. 50].
[8] Pl.'s Resp. p. 5 [Doc. 96].
[9] Am. Compl. p. 5 ¶ 15.

To date, Plaintiff has not pressed a single fact contention related to the University of Mississippi Medical Center. Because Plaintiff's claims arise out of his enrollment at the University's main campus, the witnesses involved in this action are located in Lafayette County, rather than in Jackson.

Plaintiff now complains the University's employees are not equally available in the Southern District as they would be in the Northern District and accuses Defendants and defense counsel alike of engaging in "gamesmanship" for not waiving the Federal Rules of Civil Procedures' requirements. Plaintiff was aware of the University's location (and the location of his necessary witnesses) when he initially filed this action, yet made a strategic decision to file suit in a separate judicial district.

The fact Plaintiff's alleged necessary witnesses do not reside, work, or regularly transact business in person within 100 miles of Jackson is not the product of gamesmanship, but instead reflects the reality Plaintiff opted to file suit in a judicial district more than 100 miles from where he was enrolled at the University. The Court should not re-write the Federal Rules of Civil Procedure to ameliorate the effects of Plaintiff's own strategic decisions.[10]

5. ***If Plaintiff's counter-motion for a continuance is granted, Defendants should have the role to depose Plaintiff.***
Plaintiff initially argued he could establish his case for a preliminary injunction without need of even an evidentiary hearing.[11] Plaintiff then changed course and asked for significant discovery in anticipation of the preliminary injunction proceeding,[12] which the Court granted on a limited basis.[13] Plaintiff now contends, however, even the Court's allowed expedited discovery

---

[10] Apparently recognizing the weaknesses in his argument, Plaintiff also includes reference to a last-ditch effort to serve Brandi LeBanc with a subpoena. It is unclear how her testimony would be crucial to Plaintiff's preliminary injunction motion, as he has never included reference to her in any of his motion papers.
[11] Pl.'s Mtn. for Prel. Inj. ¶ 8 [Doc. 7].
[12] Pl.'s Brf in Supp. of Mtn. for Discovery [Doc 61].
[13] Order [Doc. 69].

was not sufficient, and he will need to conduct depositions before he can put his arguments on at the preliminary injunction hearing if the Court quashes his subpoenas. Although Plaintiff's new request for a continuance was not filed as a motion separate from his response, should the Court be inclined to entertain his request and allow depositions in preparation for the hearing, the University requests the right to depose Plaintiff John Doe.

CONCLUSION

Aside from his continued aspersions regarding the motives of opposing counsel and parties, Plaintiff has no real response to the issue before the Court. The Federal Rules impose geographic restrictions on the issuance of subpoenas for hearings, and both Murry and Ussery reside, work, and regularly transact business in person outside that restriction. The Court should grant Movants' Motion to Quash.

This, the 10th day of August, 2018.

Respectfully submitted,

**DEFENDANT UNIVERSITY OF MISSISSIPPI AND NON-PARTIES HONEY USSERY AND TRACY MURRY**

*/s/ J. Cal Mayo, Jr.*
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANT UNIVERSITY OF MISSISSIPPI AND NON-PARTIES HONEY USSERY AND TRACY MURRY

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
Fax: (662) 236-0035
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com

**CERTIFICATE OF SERVICE**

I, J. Cal Mayo, Jr., one of the attorneys for Defendant University of Mississippi and Non-Parties Honey Ussery and Tracy Murry, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record.

THIS, the 10th day of August, 2018.

*/s/ J. Cal Mayo, Jr.*
J. CAL MAYO, JR.